USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **11-21-07**

# MEMO ENDORSED

HILL, BETTS & NASH LLP

ONE WORLD FINANCIAL CENTER
200 Liberty Street, 26th Floor
NEW YORK, NY 10281

(212) 839-7000
FAX: (212) 466-0514
WRITER'S DIRECT PHONE:
(212) 589-7520



November 20, 2007

*By Hand and Mail*

The Honorable Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
40 Centre Street, Courtroom 706
New York, NY 10007



Pl to submit 2-3 pp response by 11/27/07 @ noon. Conference on 12/3/07 @ 9:15. Time to answer extended to 12/4/07.

SO ORDERED:
Date: 11/21/07
Richard M. Berman, U.S.D.J.

Re:   Argo Turboserve Corporation v. Dean Angelle and Denise Angelle
      Case No. 07 Civ 8410
      Our File No. 172.0001

Dear Judge Berman:

We represent defendants Dean and Denise Angelle in the above matter. We write, pursuant to the Court's Individual Practice 2(A) in order to respectfully request a pre-motion conference in the above case on our proposed Motion to Dismiss, or alternatively to obtain the Court's permission to file our Motion to Dismiss.

We seek to file a Motion to Dismiss in lieu of answer on or before November 28, 2007. The motion will be brought pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. In short, the motion will allege:

1) This action must be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted. This suit is premature because Plaintiff failed to satisfy a precondition to seeking damages under the Stock Purchase Agreement, namely denying the Angelles reasonable access to personnel, information, and documentation allegedly supporting Plaintiff's claims for indemnification. In the alternative, the Angelles respectfully request that this Court stay the present proceedings until such time as the Angelles have had the opportunity to properly and fully exercise their rights under Section 9.3(b) of the Stock Purchase Agreement;

2) Plaintiff also failed to adequately plead its claim of fraudulent inducement with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. As such, the claim of fraudulent inducement must be dismissed pursuant to Rule 12(b)(6) for failing to state a claim;

The Honorable Richard M. Berman
United States District Court
Southern District of New York
Page 2
November 20, 2007

3) Plaintiff's claims also must be dismissed under Rule 12(b)(3) for improper venue. As New York law should not apply in this matter, venue in this Court is improper; instead, Louisiana law should apply. Under the applicable principles of Louisiana law, a party may not waive objections to venue prior to the institution of an action; and

4) Plaintiff's claims also must be dismissed pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction over claims brought by a party without standing. Plaintiff lacks standing to pursue a claim for breach of the non-competition covenant contained in the Executive Employment Contract.

We are available at the Court's convenience for a pre-motion conference to discuss our motion to dismiss, should the Court deem a conference necessary.

Respectfully Submitted,

GREGORY W. O'NEILL (GO 1944)
ELIZABETH A. McCOY (EM 8448)
Hill, Betts & Nash L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Telephone: (212) 839-7000
Facsimile: (212) 466-0514

AND

CARL D. ROSENBLUM (LA Bar No. 02083) (Admitted *Pro Hac Vice*)
ERIC MICHAEL LIDDICK (LA Bar No. 31237) (Admitted *Pro Hac Vice*)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011
***Attorneys for Dean Angelle and Denise Angelle, Defendants***

The Honorable Richard M. Berman
United States District Court
Southern District of New York
Page 3
November 20, 2007

cc:   *(via e-mail and mail)*:
      Steven J. Cohen
      Wachtel & Masyr, LLP
      110 East 59th Street
      New York, NY 10022