WACHTEL & MASYR, LLP

**MEMO ENDORSED**
**p. 4**

110 EAST 59TH STREET
NEW YORK, NEW YORK 10022

TELEPHONE: (212) 909-9500
FACSIMILE: (212) 371-0320

LONG ISLAND OFFICE
1055 FRANKLIN AVENUE, SUITE 306
GARDEN CITY, N. Y. 11530
TELEPHONE: (516) 248-4300
FACSIMILE: (516) 478-6798

EUROPEAN OFFICE
VIA G. LA PIRA, 21
FLORENCE, ITALY 50121
TELEPHONE: (055) 284147
FACSIMILE: (055) 268594

STEVEN J. COHEN
PARTNER
DIRECT DIAL: (212) 909-9505
DIRECT FAX: (212) 909-9463
cohen@wmllp.com



November 27, 2007



**BY HAND**
Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

Re: Argo Turboserve Corporation v. Angelle
   07 Civ 8410 (RMB)

Dear Judge Berman:

In accordance with your Honor's Memo Endorsed Order entered November 21, 2007, this is the response on behalf of plaintiff Argo Turboserve Corporation ("ATC") to defendants' November 20, 2007 letter requesting permission to file a motion to dismiss on 4 separate grounds. There is no credible basis for dismissal on 3 of the 4 grounds cited, and as to the remaining one, an examination of the Complaint demonstrates that ATC has amply complied with Fed. R. Civ. P. 9(b) pleading requirements. The four suggested bases for dismissal are addressed in the order in which they were raised.

(1) A Fed. R. Civ. P. 12(b)(6) Motion to Dismiss on the Grounds That This Action is Premature Would Fail as a Matter of Law and Fact.

ATC's first claim for relief is for indemnification under Section 9.3 of the Stock Purchase Agreement ("SPA") that it entered into with defendants and D&D Pipe and Rentals, Inc. ("D&D"), which was owned by defendants prior to the closing. (See Complaint, Paras. 8-10;43-48). Section 9.3 consists of two paragraphs and is attached in its entirety as Exhibit "1". As the Court can plainly see from a review of Section 9.3, nowhere does it state that "reasonable access to all premises, books, records and personnel" is a precondition to bringing suit. Therefore, as a simple matter of contract interpretation and black-letter law a motion to dismiss on this ground would be futile. See, e.g., Excel Graphics Technologies, Inc. v. CFG/AGSCB 75 Ninth Ave., L.L.C. 1 A.D.3d

65, 69, 767 N.Y.S.2d 99, 102 (1st Dep't 2003). ["A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms."]; Charter Realty & Development Corp. v. New Roc Associates, L.P., 293 A.D.2d 438, 739 N.Y.S.2d 456, 457 (2d Dep't 2002) [holding that a "court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract."].

Moreover, ATC has already given defendants and their counsel access to all of the documents of its subsidiary, D&D, at D&D's principal location in Lafayette, LA on October 15 and in ATC's home office in New Jersey on November 19. In response to defendants' request following its inspection on October 15, ATC produced 3404 pages of documents. ATC is now processing defendants' request for additional documents based upon its November 19 inspection. Therefore, even if the SPA stated that "access" was a precondition to filing suit (which it does not), defendants have had the opportunity for free discovery before having had to respond to the Complaint[1].

In short, permission to file a motion to dismiss because the action is premature should be denied since the SPA imposes no such requirement and defendants are being provided with document discovery.

(2)   ATC's Second Claim of Relief for Fraudulent Inducement is Well Pled and Sets Forth the Elements with Adequate Particularity to Satisfy the Requirements of Fed. R. Civ. P. 9(b).

To recover on a theory of fraudulent inducement under New York law, the plaintiff must prove: (1) misrepresentation of a material fact; (2) falsity of the representation; (3) scienter; (4) reasonable reliance; and (5) damages. Creative Waste Management, Inc. v. Capitol Environmental Services, Inc., 429 F.Supp.2d 582, 607 (S.D.N.Y. 2006).

The Federal Rules require that a plaintiff state "with particularity" the events giving rise to the fraud. Id. ATC has clearly met that burden. Specifically, Rule 9(b) requires plaintiffs to allege "(1) the specific statement or omission; (2) the aspect of the statement or omission that makes it false or misleading; (3) when the statement was made; (4) where the statement was made; and (5) which defendant was responsible for

---

[1]  To the extent defendants are claiming that "access" includes their rights to interview the staff of D&D or ATC, plaintiff strongly objects. Indeed, we have already experienced a rather unpleasant episode whereby defendants' counsel attempted to interview our clients during their visit to D&D's premises in Lafayette, LA on October 15 when counsel for plaintiffs were not present. We informed counsel then, and repeat for the record now, that such attempt was completely unwarranted and any "interviews" will have to be in the form of depositions.

the statement or omission." <u>Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.</u>, 85 F.Supp.2d 282, 293. (S.D.N.Y. 2000).

While the instances of defendants' misrepresentations cited in the Complaint are too voluminous to reproduce here, the Complaint specifically alleges and cites specific portions of the SPA in which defendants made clear and unmistakable representations and warranties on which ATC relied to its detriment. (<u>See</u> Complaint, Paras. 12-25).

(3)   <u>Defendants' Contemplated Motion for Dismissal for Improper Venue under Fed. R. Civ. P. 12(b)(3) Would be Fruitless.</u>

Section 10.10 of the SPA (repeated in its entirety in the annexed Exhibit "2") could not be any clearer that New York law applies and that the parties consented to this exclusive venue.

Any argument that the forum selection clause is unenforceable stands in direct contravention to well settled law articulated by the Supreme Court in <u>M /S Bremen v. Zapata Off-Shore Company</u>, 407 U.S. 1 (1972). The Supreme Court held that

> [a] party wishing to escape his contract [must] show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain.

<u>Id.</u> at 18. <u>See</u> also <u>D.H. Blair & Co., Inc. v. Gottdiener</u> 462 F.3d 95, 103 (2d Cir. 2006) ("Unless it is clearly shown that enforcement would be unreasonable and unjust, forum selection clauses will be enforced.").

Defendants have not suggested how they could demonstrate, and cannot prove, that New York law should not govern or this venue lie.

(4)   <u>ATC Has Not Brought a Claim for Breach of the Non-Competition Covenant in the Dean Angelle Employment Agreement.</u>

This contemplated basis for a motion to dismiss is puzzling because ATC has not sought relief against Mr. Angelle in the Complaint for his breach of his employment agreement. Although his breaches are referenced, in part, in the Complaint, they are done so in connection with Mr. Angelle's violation of Section 8.4 of the SPA (<u>see</u> Complaint, Paras. 10(f) and 42), and the consequences of these violations are separate and apart from

Hon. Richard M. Berman
November 27, 2007
Page 4 of 4

claims not pleaded nor included in the Complaint. Accordingly, permission to file a motion under Fed. R. Civ. P. 12(b)(1) should not be granted.

Respectfully submitted,

Steven J. Cohen

SJC:cb
Enclosures

cc: Gregory W. O'Neill, Esq. (via email)
    Carl D. Rosenblum, Esq. (via email)
    Attorneys for Defendants

---

WE CAN DISCUSS ON 12/3/07 AT 9:15 A.M. CONFERENCE SCHEDULED FOR 12/10/07 IS VACATED.

SO ORDERED:
Date: 11/27/07

Richard M. Berman, U.S.D.J.