Gregory W. O'Neill (GO 1944)
Elizabeth A. McCoy (EM 8448)
Hill, Betts & Nash L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Tel.: (212) 839-7000
Fac.: (212) 466-0514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARGO TURBOSERVE CORPORATION,<br><br>                    Plaintiff,<br><br>versus<br><br>DEAN ANGELLE AND DENISE ANGELLE,<br><br>                    Defendants. | CASE NO. 07 CIV 8410 (RMB) (GWG)<br><br>DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT AND ALTERNATIVELY FOR STAY |

**NOW COMES** Defendants, Dean Angelle and Denise Angelle (collectively "the Angelles"), and pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, file this their Motions to Dismiss Plaintiff's Complaint and Alternatively for Stay. As set forth in the memorandum filed in support of these motions, this suit is premature because Plaintiff failed to satisfy a precondition to seeking damages under the Stock Purchase Agreement, namely denying the Angelles reasonable access to personnel, information, and documentation allegedly supporting Plaintiff's claims for indemnification. This action must therefore be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted. In the alternative, the Angelles respectfully request that this Court stay the present proceedings until such time as the Angelles have had the opportunity to properly and fully exercise their rights under Section 9.3(b) of the Stock Purchase Agreement. Moreover, as

New York law should not apply in this matter, venue in this Court is improper; instead, Louisiana law should apply. Under the applicable principles of Louisiana law, a party may not waive objections to venue prior to the institution of an action. The Plaintiff's claims therefore must be dismissed under Rule 12(b)(3) for improper venue. Plaintiff also failed to adequately plead its claim of fraudulent inducement with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. As such, the claim of fraudulent inducement must be dismissed pursuant to Rule 12(b)(6) for failing to state a claim. Plaintiff also lacks standing to pursue a claim for breach of the non-competition covenant contained in the Executive Employment Contract. This claim therefore must be dismissed pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction over claims brought by a party without standing.

**WHEREFORE**, for the reasons more fully set forth in the accompanying memorandum in support, Dean Angelle and Denise Angelle respectfully request that their Motions to Dismiss be granted and the Plaintiff's claims be dismissed with prejudice. Alternatively, the Angelles respectfully request that this action be stayed until they have been able to exercise their express rights under the Stock Purchase Agreement.

Respectfully Submitted,

GREGORY W. O'NEILL (GO 1944)
ELIZABETH A. McCOY (EM 8448)
Hill, Betts & Nash L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Telephone: (212) 839-7000
Facsimile: (212) 466-0514

AND

                    */s/ Eric Michael Liddick*
CARL D. ROSENBLUM (LA Bar No. 02083)
(Admitted *Pro Hac Vice*)
ERIC MICHAEL LIDDICK (LA Bar No. 31237)
(Admitted *Pro Hac Vice*)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8011
***Attorneys for Dean Angelle and Denise Angelle, Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this day to counsel of record for Argo Turboserve Corporation, ☒ by CM/ECF, ☐ by e-mail, ☐ by telefax, ☐ by hand, and/or ☐ by United States mail.

New Orleans, Louisiana, this 4th day of December 2007.

                    */s/ Eric Michael Liddick*
                    ERIC MICHAEL LIDDICK