## GUARANTY

GUARANTY (this "*Guaranty*"), dated as of February 1, 2006, made by ARGO TURBOSERVE CORPORATION, a Delaware corporation (the "*Guarantor*"), in favor of DEAN ANGELLE, an individual ("*Executive*") and DENISE ANGELLE, an individual (together with Executive, the "*Sellers*"). Reference is to the Stock Purchase Agreement entered into as of February 1, 2006 (the "*SPA*"), by and among Guarantor, the Sellers and D&D Pipe and Rentals, Inc., a Louisiana corporation ("*D&D*"). Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the SPA.

## RECITALS

WHEREAS, the Guarantor, the Sellers and D&D have entered into (or substantially contemporaneously herewith are entering into) the SPA, whereby the Sellers have agreed to, *inter alia*, sell all of the issued and outstanding capital stock of D&D to the Guarantor (the "*Sale*") upon the terms and conditions set forth therein;

WHEREAS, as a condition to the Sale, the Sellers have required the execution and delivery of this Guaranty;

WHEREAS, D&D and Executive have entered into (or substantially contemporaneously herewith are entering into) the Employment Agreement pursuant which Executive shall be employed by D&D (the "*Employment*") upon the terms and conditions set forth therein;

WHEREAS, upon consummation of the Sale, D&D will become a wholly owned subsidiary of Guarantor and Guarantor has determined that it will derive substantial direct and indirect benefit from the Sale and the Employment; and

WHEREAS, to induce the Sellers and Executive to perform under the SPA and the Employment Agreement, respectively, the Guarantor has agreed to guaranty the Liabilities (as defined herein) upon and subject to the terms of this Guaranty.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, Guarantor hereby agrees as follows:

SECTION 1. <u>Nature of Guaranty</u>. Guarantor hereby unconditionally guarantees to the Sellers and Executive, as applicable, as a primary obligor and not merely as a surety, the full and timely payment when due by D&D of all Liabilities. This Guaranty is a guaranty of payment and not a guaranty of collection. This Guaranty is a continuing and irrevocable guaranty until terminated in accordance with Section 9 of this Guaranty. For purposes of this Guaranty, "*Liability*" or "*Liabilities*" means, individually or collectively, each and all indebtedness and obligations of D&D to pay, (i) the principal balance of the Promissory Note outstanding (subject to adjustment as provided therein) in a maximum amount of $5,000,000 minus any amount of the principal balance of the Promissory Note paid to the Sellers prior to

**EXHIBIT "6"**

Guarantor's payment in accordance with this Guaranty, (ii) Interest (as defined in the Promissory Note), (iii) Default Interest (as defined in the Promissory Note), if any, (iv) the Annual Earn-Out Payment, if any, in accordance with Section 1.6 of the SPA, (v) the End of Term Earn-Out Payment, if any, in accordance with Section 1.7 of the SPA, (vi) the Flip Fee, if any, in accordance with Section 1.8 of the SPA, (vii) the Base Salary (as defined in the Employment Agreement) upon the terms and conditions set forth in the Employment Agreement, and (viii) the monetary obligations, including fees, costs, expenses and indemnities, whether primary, secondary, direct, contingent, fixed or otherwise, of D&D to the Sellers and Executive with respect to the indemnity obligations of D&D, if any, in accordance with Section 9.2 of the SPA.

Anything contained in this Guaranty to the contrary notwithstanding, the obligations of Guarantor hereunder shall be limited to a maximum aggregate amount equal to the greatest amount that would not render Guarantor's obligations hereunder subject to avoidance as a fraudulent transfer or conveyance under Section 548 of Title 11 of the United States Code or any provisions of applicable state law (collectively, the "*Fraudulent Transfer Laws*"), in each case after giving effect to all other liabilities of Guarantor, contingent or otherwise, that are relevant under the Fraudulent Transfer Laws (specifically excluding, however, any liabilities of Guarantor (a) in respect of inter-company indebtedness to D&D to the extent that such indebtedness would be discharged in an amount equal to the amount paid by Guarantor hereunder and (b) under any guaranty of senior unsecured indebtedness subordinated in right of payment to the Liabilities which guaranty contains a limitation as to maximum amount similar to that set forth in this paragraph, pursuant to which the liability of Guarantor hereunder is included in the liabilities taken into account in determining such maximum amount) and after giving effect as assets to the value (as determined under the applicable provisions of the Fraudulent Transfer Laws) of any rights to subrogation, contribution, reimbursement, indemnity or similar rights of Guarantor pursuant to applicable law.

SECTION 2. Payments Under Guaranty. Upon the failure of D&D to pay any Liability when and as the same shall become due, whether at maturity, by acceleration, after notice of prepayment or otherwise (such failure to pay being called herein a "*Guaranty Trigger Default*"), Guarantor hereby promises to and will forthwith pay, or cause to be paid, to each of the Sellers and Executive, as applicable, in cash the amount of such unpaid Liabilities then due owed to such person. All payments under this Guaranty shall be made by Guarantor in U.S. Dollars in immediately available funds and, except as otherwise provided in the SPA, the Employment Agreement or the Promissory Note, without any condition, deduction, offset, netting, counterclaim or reservation of rights. To the fullest extent permitted by applicable law, Guarantor waives presentment to, demand of payment from and protest to D&D of any of the Liabilities, and also waives notice of acceptance of its guaranty and notice of protest for nonpayment.

SECTION 3. Obligations Not Waived. To the fullest extent permitted by applicable law, Guarantor waives presentment to, demand of payment from and protest to D&D of any of the Liabilities, and also waives notice of acceptance of its guaranty and notice of protest for nonpayment. To the fullest extent permitted by applicable law, the obligations of Guarantor hereunder shall not be affected by (a) the failure of any of the Sellers or Executive to assert any claim or demand or to enforce or exercise any right or remedy against D&D under the

IN WITNESS WHEREOF, the Guarantor has duly executed this Guaranty as of the day and year first above written.

ARGO-TURBOSERVE CORPORATION

By _____
Name: Paul Perialas
Title: Chief Financial Officer


ARGO TURBOSERVE CORPORATION
GUARANTY

IN WITNESS WHEREOF, this Guaranty has been duly executed by the Guarantor the date first written above.

ATC ENERGY SERVICES, LLC

By: _____
Name: WALTER A. SIMSON III
Title: Pres.

Address:  c/o Argo Turboserve Corporation
49 Commerce Road
Carlstadt, New Jersey 07072

STATE OF Louisiana )
                   )
COUNTY OF Lafayette )

The foregoing instrument was acknowledged before me this 3rd day of March, 2006, by Walter A. Simson III, the President of ATC Energy Services, LLC, a Delaware limited liability company, on behalf of the limited liability company.

_____
Notary Public

NY470087                                                                                          Guaranty