# PERRET DOISE

A PROFESSIONAL LAW CORPORATION

MAILING ADDRESS:
P. O. DRAWER 3408
LAFAYETTE, LOUISIANA 70502-3408

SUITE 1600, FIRST NATIONAL BANK TOWERS
600 JEFFERSON STREET
LAFAYETTE, LOUISIANA 70501
TELEPHONE (337) 262-9000
FACSIMILE (337) 262-9001

OUR FILE NUMBER:

MARGARET SWORDS
mswords@pdlaw.com

September 5, 2007

**VIA FEDERAL EXPRESS and**
**CERTIFIED MAIL RRR7005 2570 0000 3457 3893**
Steven J. Cohen
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022

      Re: Stock Purchase Agreement dated as of February 1, 2006
         ("Purchase Agreement"), by and among Argo Turboserve
         Corporation ("ATC"), Dean Angelle ("Dean"), Denise Angelle
         ("Denise"), and D&D Pipe and Rentals, Inc. ("D&D")

Dear Mr. Cohen:

  Our firm has been retained to represent Dean and Denise in response to your August 14, 2007 Notice of Indemnification (the "Demand"). Please direct all future correspondence directly to our attention.

  Before responding to the allegations made in the Demand, we remind you that D&D and ATC are in default of the Purchase Agreement and the Promissory Note executed in conjunction with and pursuant to the terms of the Purchase Agreement. Specifically, D&D and ATC have defaulted on their obligation under the Promissory Note to pay an amount in excess of $4,000,000.00 to Dean and Denise. Despite being put on notice of their failure to pay the Promissory Note when due, D&D and ATC have failed and refused to honor their obligation to pay the sums undisputedly due under the Promissory Note, and our clients question whether your clients have the funds required to satisfy their obligation. Additionally, D&D and ATC have failed and refused to pay Dean and Denise the $18,467.89 previously written off by D&D but subsequently paid by Dishman & Bennet to D&D after the closing, in violation of Article 2.6 of the Purchase Agreement.

  With regards to the Demand, Dean and Denise cannot respond to it as written. The Demand is merely a random assertion of unsupported conclusions. You have provided no supporting documentation or evidence, and Dean and Denise cannot possibly address the claims asserted in your letter without the documentation or evidence in support of same.

EXHIBIT "9"

As to the charges of fraud leveled in your correspondence, such charges are untrue, unsubstantiated and utterly without merit. Our clients are taking these accusations very seriously, and they are prepared to fully enforce their legal remedies against D&D and ATC associated with these unfounded and malicious accusations. Please advise D&D and ATC as to the gravity of this matter.

Dean and Denise intend to act in good faith to work through any concerns your clients have with regards to their actions and the transaction, but in order to do so, you and your clients must provide a basis to support your conclusions in the Demand that Dean and Denise owe your clients some form of indemnity.

It is our clients' opinion that D&D's business has declined as a result of ATC's mismanagement of the company, and if you are unable or unwilling to provide the requested information, we will assume that the Demand is merely a tool being used by your clients to shift responsibility to Dean and Denise in an effort to renegotiate the back end of the deal that your client is currently in default of payment.

We anticipate that ATC and D&D will work in good faith to resolve the issues among the parties and provide Dean and Denise the information that ATC and D&D believe warrants the conclusions contained in the Demand. If this information is provided, only then will Dean and Denise be able to properly respond to the Demand.

If you have any questions, or would like to discuss this matter, please do not hesitate to contact me.

Sincerely,

Margaret D. Swords

MDA/jh
cc: client

F:\DATA\FSS\3270 Angelle Properties\3270.0000 Correspondence\cohen.1.doc