FIFTEENTH JUDICIAL DISTRICT COURT

FOR THE PARISH OF LAFAYETTE

STATE OF LOUISIANA

NO. 2007-5204           DIVISION

DIV. "K"

DEAN ANGELLE

vs.

D & D PIPE AND RENTALS, INC.

Filed:_____      _____
                                    Deputy Clerk

### PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Petitioner, Dean Angelle, who submits this Petition for Declaratory Judgment pursuant to La. Code Civ. Proc. art. 1872 setting forth the following:

1.

Petitioner Dean Angelle ("Angelle") is a Louisiana resident residing at 100 Blue Ridge Drive, Carencro, Louisiana, in the Parish of Lafayette.

2.

Defendant, D & D Pipe and Rentals, Inc. ("D & D Pipe"), is a Louisiana corporation domiciled in Lafayette, Louisiana, in the Parish of Lafayette.

3.

Subject matter jurisdiction and venue are proper because pursuant to La. Code Civ. Proc. art. 76.1, an action on a contract may be brought in any parish where the contract was executed or the parish where any work or service was performed or to be performed. Petitioner executed the employment agreement in favor of D & D Pipe and performed the work required thereunder in Lafayette Parish.

- 1 -

{N1711113.1}

**EXHIBIT "4"**

4.

In 2006, Dean and Denise Angelle sold their shares of stock in D & D Pipe to Argo Turboserve Corporation ("ATC") thereby rendering D & D Pipe a wholly owned subsidiary and division of ATC.

5.

Pursuant to the Stock Purchase Agreement, D & D Pipe and Angelle entered into an Executive Employment Agreement ("Agreement") on March 3, 2006. A copy of the Agreement is attached hereto as Exhibit 1.

6.

The Agreement sets forth the employment duties of Angelle as an employee of D & D Pipe and includes a provision on "Post-Employment and Non-Competition Obligations" ("Non-compete provision"). *See* Exhibit 1 at § 5.1.

7.

Pursuant to Section 5.1 of the Agreement, Angelle shall not directly or indirectly, for a period of two (2) years:

> (i) engage anywhere in the world, in the Business, or (ii) the provision of any service substantially similar to or in competition with any service offered by the Company [D & D Pipe] at any time during such period; (iii) be or become a stockholder, partner, owner, officer, director or employee or agent of, or a consultant to, or give financial or other assistance to, any person or entity considering engaging in any such activities or so engaged; (iv) seek in competition with the Business of the Company [D & D Pipe] to procure orders from or do business with any customer of the Company [D & D Pipe]; (v) solicit, or contact with a view to the engagement or employment of, any person who is an employee of the Company [D & D Pipe]; (vi) seek to contract with or engage (in such a way as to adversely affect or interfere with the business of the Company [D & D Pipe]) any person or entity who has been contracted with or engaged to manufacture, assemble, supply or deliver products, goods, materials or services to the Company [D & D Pipe]; or (vii) engage in, or participate in any effort to act to induce any of the customers, associates, consultants, and employees of the Company [D & D Pipe] or any of its Affiliates to take, any action which might be disadvantageous to the Company [D & D Pipe] or any of its Affiliates; provided, however, that nothing herein shall prohibit the Executive [Angelle] from owning, as a passive investor, stock of any corporation so engaged. The duration of the Executive's [Angelle's] covenants set forth in this Section 5.1 shall be extended by a period of time equal to the

{N1711113.1}

number of days, if any, during which the Executive [Angelle] is in violation of the provisions hereof.

The term "*Company*" as used in this Section 5.1 shall mean and include (i) the Company's [D & D Pipe's] subsidiaries and Affiliates and (ii) the Company's [D & D Pipe's] joint venture activities (including research and development) by the Company [D & D Pipe] and its Affiliates.

8.

Although Angelle denies that he has violated any provision in the Non-compete provision, ATC has asserted to the contrary. Accordingly, Angelle seeks this Court's determination of the validity of the Agreement pursuant to La. Code Civ. Proc. art. 1872.

9.

The Non-compete provision is unreasonable as it is overbroad with respect to its geographical restrictions and contractual language, and is therefore unenforceable *in toto* as a matter of law.

10.

Accordingly, Angelle is entitled to a judgment declaring the entire Non-compete provision null and void *ab initio*.

11.

Additionally, Angelle is entitled to a judgment declaring the Agreement unenforceable.

WHEREFORE, Dean Angelle prays that his petition be deemed sufficient, that the Defendant be served with a copy of the Petition and be cited to appear and answer same, and that, after due proceedings are had, there be judgment rendered in favor of Petitioner and against Defendant as follows:

(1) a declaratory judgment that the Non-compete provision is unenforceable as violative of the applicable law;

(2) a declaratory judgment that the Non-compete provision is null and void;

(3) a declaratory judgment that the Agreement itself, as a result of the unenforceable Non-compete provision, is null and void; and

{N1711113.1}

(4)   all general and equitable relief to which Angelle may be entitled.

Respectfully Submitted,

CARL D. ROSENBLUM (No. 02083)
Jones, Walker, Waechter, Poitevent,
Carrère, & Denègre, L.L.P.
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8011

*/s/ Olivia Regard*

OLIVIA S. REGARD (No. 27114)
Jones, Walker, Waechter, Poitevent,
Carrère, & Denègre, L.L.P.
500 Dover Boulevard, Suite 120
Lafayette, Louisiana 70503
Telephone: (337) 406-5610
Facsimile: (337) 406-5620

**Attorneys for Petitioner, Dean Angelle**

**PLEASE HOLD SERVICE**

- 4 -

{N1711113.1}