THIS INSTRUMENT IS SUBJECT TO THE TERMS OF A SUBORDINATION AGREEMENT BY DEAN ANGELLE AND DENISE ANGELLE IN FAVOR OF WELLS FARGO BANK, NATIONAL ASSOCIATION, ACTING THROUGH ITS WELLS FARGO BUSINESS CREDIT OPERATING DIVISION, DATED MARCH __3__, 2006.

## D&D PIPE AND RENTALS, INC.
## PROMISSORY NOTE

$5,000,000
New York, New York

February 1, 2006

FOR VALUE RECEIVED, the undersigned, D&D PIPE AND RENTALS, INC., a Louisiana corporation (the "*Company*" or "*Maker*") promises to pay to the order of DEAN ANGELLE AND DENISE ANGELLE, individuals residing at 100 Blue Ridge Drive, Carencro, Louisiana 70520 (collectively, the "*Sellers*" or "*Payees*"), the principal amount of FIVE MILLION DOLLARS ($5,000,000) (subject to adjustment as set out below) pursuant to the terms of this promissory note (this "*Note*") and the terms of that certain Stock Purchase Agreement entered into as of February 1, 2006 by and among Argo Turboserve Corporation, the Sellers and the Company (the "*Stock Purchase Agreement*"). Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Stock Purchase Agreement.

1.    Interest Rate; Payments.

(a)    Interest shall accrue on the outstanding principal balance (subject to any adjustment in accordance with Section 1.5(c) of the Stock Purchase Agreement and any prepayment or offset as provided below) at an annual interest rate (the "*Interest Rate*") of (i) twelve percent (12%) per annum or (ii) in the event of a Working Capital Shortfall, eight percent (8%), during the period from and including February 1, 2006 until repayment of the outstanding principal and payment of all accrued Interest in full (in either case, "*Interest*"); *provided, however*, that Interest shall accrue on the outstanding balance of any amount owed under this Note which is not paid when due (including any Interest that is not paid when due), at an annual interest rate of fourteen percent (14%) during the period commencing on the due date until such amount is paid in full ("*Default Interest*"). Interest and Default Interest shall be computed on the basis of a 365 day year and the actual number of days elapsed.

(b)    Maker shall pay to Payees the principal amount hereunder in the amounts and on the dates set forth below (each such date, a "*Payment Date*"), subject to any adjustment in accordance with Section 1.5(c) of the Stock Purchase Agreement and any prepayment or offset as provided below:

| Date | Amount |
| ---- | ------ |
| February 1, 2007 | $1,000,000 |
| February 1, 2008 | $1,000,000 |
| February 1, 2009 | $1,000,000 |
| February 1, 2010 | $1,000,000 |
| February 1, 2011 | $1,000,000 |

(c)     Accrued Interest or Default Interest shall be payable by the Maker to Payees, as applicable, on each Payment Date, subject to any adjustment in accordance with Section 1.5(c) of the Stock Purchase Agreement and any prepayment or offset described below, until repayment of the principal amount and payment of all accrued interest in full.

(d)     All payments hereunder shall be made by wire transfer of immediately available funds to such account as may be designated by Payees by written notice received by the Maker not less than three (3) business days prior to the date on which any such payment is due.  Whenever any payment hereunder shall be stated to be due on a day other than a Banking Day, such payment shall be made on the next succeeding Banking Day.  "*Banking Day*" means any day other than a Saturday or Sunday or a legal holiday on which national banks in the State of New York are closed.

2.     Prepayment.

(a)     Mandatory Prepayment.  In the event an Event of Default (as defined below) shall occur and be continuing, then, and in any such event, Payees may by notice to Maker declare the outstanding principal balance of and the accrued Interest thereon, in whole or in part, to be forthwith due and payable, whereupon the outstanding principal balance and such Interest shall become and be forthwith due and payable, without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Maker; *provided, however,* that in the event of an actual or deemed entry for relief with respect to Payees under the Title 11 of the United States Code, as now constituted or hereafter amended (the "*Federal Bankruptcy Code*"), the outstanding principal balance and all Interest thereon shall automatically become and be due and payable, without presentment, demand, protest or any notice of any kind, all of which are hereby expressly waived by Maker.

(b)     Optional Prepayment.  The Company shall have the right at any time and from time to time to prepay the outstanding principal amount, together with accrued and unpaid Interest thereon, in whole or in part, without premium or penalty.  Optional prepayments shall be applied as specified by the Company.

2

3.     Offset. In the event Payees fail to satisfy any indemnity obligation in accordance with Article IX of the Stock Purchase Agreement then Maker shall be entitled, in addition to any other rights and remedies that Maker may have, to withhold or offset the amount of any such indemnity obligation against any outstanding principal balance and accrued but unpaid interest thereon.

4.     Events of Default. An "*Event of Default*" shall occur if:

(a)     the Maker shall default in payment of the principal of this Note, when and as the same shall become due and payable, within thirty (30) calendar days of the date when due;

(b)     an involuntary proceeding shall be commenced or an involuntary petition shall be filed in a court of competent jurisdiction seeking (i) relief in respect of the Maker or of a substantial part of the Maker's property or assets, under the Federal Bankruptcy Code, or any other United States or foreign bankruptcy, insolvency, receivership or similar law (any such law, a "*Bankruptcy Law*"), and such proceeding or petition shall not be dismissed within sixty (60) calendar days, (ii) the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for a substantial part of the property or assets of the Maker or (iii) the entry of an order or decree by a court of competent jurisdiction for the winding up or liquidation of the Maker and the continuance of such order or decree unstayed and in effect for a period of sixty (60) calendar days; or

(c)     the Maker shall (i) voluntarily commence any proceeding or file any petition seeking relief under a Bankruptcy Law, (ii) consent to the institution of or entry of an order for relief against it, (iii) apply for a consent to the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for a substantial part of the property or assets of the Maker, (iv) file an answer admitting the material allegations of a petition filed against it in any such proceeding, (v) make a general assignment for the benefit of creditors, (vi) become unable, admit in writing its inability or fail generally to pay its debts as they become due or (vii) take any action for the purpose of affecting any of the foregoing.

5.     Amendment and Waiver.    This Note may not be modified, amended or supplemented other than by an agreement in writing executed by all parties hereto. No waiver shall be binding unless executed in writing by the party making the waiver. No waiver of any provisions, breach or default of this Note shall be deemed or shall constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

6.     Delays or Omissions. It is agreed that no delay or omission to exercise any right, power or remedy accruing to any party, upon any breach, default or noncompliance by another party under this Note, shall impair any such right, power or remedy, nor shall it be construed to be a waiver of any such breach, default or

3

noncompliance, or any acquiescence therein, or of or in any similar breach, default or noncompliance thereafter occurring. It is further agreed that any waiver, permit, consent or approval of any kind or character of any breach, default or noncompliance under this Note or any waiver of any provisions or conditions of this Note must be in writing and shall be effective only to the extent specifically set forth in such writing. All remedies, either under this Note or otherwise afforded to any party, shall be cumulative and not alternative.

7.    Assignment. This Note may not be assigned, nor any of its rights or obligations hereunder, without the prior written consent of the Maker.

8.    Notices. All notices, requests, demands and other communications required or permitted under this Note and the transactions contemplated herein shall be in writing and shall be deemed to have been duly given, made and received on the date when delivered by hand delivery with receipt acknowledged, or upon the next business day following receipt of telex or telecopy transmission or overnight courier service, or upon the third day after deposit in the United States mail, registered or certified with postage prepaid, return receipt requested, addressed as set forth below:

(a)    If to Maker:

D&D Pipe and Rentals, Inc.
c/o Argo Turboserve Corporation
49 Commerce Road
Carlstadt, New Jersey 07072
Attention: Clyde Keaton
Phone: 1-201-964-4114
Fax: 1-201-804-6231

(b)    If to Payees:

Dean Angelle and Denise Angelle
100 Blue Ridge Drive
Carencro, Louisiana 70520
Phone: 1-337-896-0413
Fax: 1-337-896-1930

with a copy to:

Perret Doise, APLC
600 Jefferson Street, Suite 1600
Lafayette, Louisiana 70501
Attn: Dennis Doise
Phone: 1-337-262-9000
Fax: 1-337-262-9001

4

The Maker or Payees may alter the addresses to which communications or copies are to be sent by giving notice of such change of address in conformity with the provisions of this Section 8 for the giving of notice.

9.      Captions.  The captions contained in this Note are for convenience and reference purposes only and shall not affect in any way the meaning and interpretation of this Note.

10.      Governing Law.  In all respects, including all matters of construction, validity and performance, this Note shall be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to contracts made and performed in such state, without regard to the principles thereof regarding conflict of laws.  Any action to enforce any of the provisions of this Note shall be brought in a court of the State of New York located in the Borough of Manhattan of the City of New York, or in a Federal court located within the Southern District of New York.  The parties consent to the jurisdiction of such courts and to the service of process in any manner provided by New York law.  Each party irrevocably waives any objection which it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in such court and any claim that such suit, action or proceeding brought in such court has been brought in an inconvenient forum and agrees that service of process in accordance with the foregoing sentences shall be deemed in every respect effective and valid personal service of process upon such party.

[Signature Page Follows]

5

IN WITNESS WHEREOF, the Company has caused this Note to be duly executed and delivered by its duly authorized officer as of the date first above written.

MAKER

D&D PIPE AND RENTALS, INC.

By: _____
Name:  PAUL PERJALAS
Title:  CFO