```
MODE = MEMORY TRANSMISSION          START=OCT-23 19:08    END=OCT-23 19:09

     FILE NO.=627

STN    COMM.   ONE-TOUCH/   STATION NAME/TEL NO.              PAGES     DURATION
NO.            ABBR NO.

001    OK      &            15045898296                       003/003   00:00:41
```

```
                                    -WACHTEL & MASYR, LLP    -
********************** -NEW YORK OFFICE - ***** -   1 212 371 0320- **********
```

# Wachtel & Masyr, LLP
FACSIMILE TRANSMITTAL

Office of Steven J. Cohen, Esq.
Direct Telephone: 212-909-9505
Direct Facsimile: 212-909-9463

TO:     Carl D. Rosenblum, Esq.        Fax No. 504-589-8296

RE:     Argo Turboserve Corporation
        v. Dean Angelle and Denise Angelle
        07 CV 8410 (RMB) (GWG)

DATE:   October 23, 2007

Number of Pages: 3 (Including Cover Page)

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, KINDLY NOTIFY US BY TELEPHONE IMMEDIATELY, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

110 East 59th Street • New York, NY 10022

G:\CLIENT DOCUMENTS\A\Argo International Corp\Argo Turboserve\Faxes\Fax to Rosenblum 10.23.07.doc

WACHTEL & MASYR, LLP

110 EAST 59TH STREET
NEW YORK, NEW YORK 10022

TELEPHONE: (212) 909-9500
FACSIMILE: (212) 371-0320

LONG ISLAND OFFICE
1055 FRANKLIN AVENUE, SUITE 306
GARDEN CITY, N.Y. 11530
TELEPHONE: (516) 248-4300
FACSIMILE: (516) 478-6798

EUROPEAN OFFICE
VIA G. LA PIRA, 21
FLORENCE, ITALY 50121
TELEPHONE: (055) 284147
FACSIMILE: (055) 268594

STEVEN J. COHEN
PARTNER
DIRECT DIAL: (212) 909-9505
DIRECT FAX: (212) 909-9463
cohen@wmllp.com

October 23, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Carl D. Rosenblum, Esq.
Jones, Walker. Waechter, Poitevant,
Carrere & Denegre, L.L.P
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

> Re:  Argo Turboserve Corporation vs. Dean Angelle
>      and Denise Angelle; 07 Civ 8410 (RMB)

Dear Mr. Rosenblum:

The problem with "confirming" emails and letters is that sometimes their authors have a tendency to "confirm" statements not made. That is what you did. I certainly did not say to you in our telephone conversation yesterday that my "clients will not permit [your] clients to complete the exercise of their rights under Section 9.3(b) of the Stock Purchase Agreement." What I did say to you was that you and I disagreed about our respective interpretations of Section 9.3 and that, since the lawsuit had already begun, I did not believe that you had or have the right to interview my client's employees outside the formal pre-trial discovery process. Since you seem keen to make a "record" of what has recently transpired, I will now repeat what I said to you and Mr. O'Neill during our call yesterday about those recent events. If you see the need in the future to make an application to the Court concerning these events, I would ask that you include this letter in your submission for the sake of completeness.

You and I exchanged correspondence and had a phone conversation prior to your October 15 inspection at the premises of my client, D&D Pipe and Rentals, Inc. in Lafayette, Louisiana. I informed you that I would be on trial during the week of October 15 and that you could contact Mr. Jim Richard, an employee of my client, who would make available to you the documents for your inspection. We further agreed that you would tag those documents that you wished to have photocopied. I never agreed to permit you, nor anyone else in your group, to interview my clients (nor would I have ever made such an agreement) outside my presence. You indicated that since I did not expressly state that you could not interview my

Carl D. Rosenblum, Esq.
October 23, 2007
Page 2 of 2

clients you believed you were free to do so. I find this astonishing. You well knew from our earlier telephone call and my September 21 letter that only documents would be made available for inspection under appropriate supervision and that was it.

I am informed that you, together with an attorney and paralegal from your office and Mr. and Mrs. Angelle, rummaged through files and personal property belonging to my client and generally harassed and intimidated my client's staff. You apparently took out my initial demand letter to your clients and asked Mr. Richard to defend each and every allegation set forth therein. You then read from the Complaint and did the same thing. Mr. Richard told you that he would not respond, yet you persisted badgering him. I am further informed that you made repeated comments in a sarcastic manner regarding my client's claims and went so far as to look through a supply box to announce that "this must be where the smoking gun is." Morever, you apparently elected not to review several boxes that were put out for your inspection even though your group spent some 6 hours on premises.

After our conversation yesterday, I also learned that you opened certain files and came across documentation you said to Mr. Richard appeared to be attorney-client privileged and thereafter apologized for reviewing them. Demand is hereby made that you disclose just which documentation you reviewed.

My overall sense is that you took unfair advantage of the entire situation and violated the understanding we had based upon your misguided belief that if I did not expressly prohibit you in advance from interviewing those on premises you were at liberty to do so. I do not know what right you think or thought you had to behave in such a fashion. I frankly question the ethics that you were guided by, and sincerely hope that we can still establish a professional mutual respect that will govern over relationship as this case unfolds.

With respect to your planned inspection in New Jersey at my client's facility, I confirm that November 19 is an acceptable date. During that inspection, you will be given the opportunity to review documents and tag those which you wish to have photocopied. An attorney from my office will be present for this inspection.

Argo Turboserve Corporation and D&D Pipe and Rentals, Inc. reserve all of their rights, claims and defenses.

Very truly yours,

Steven J. Cohen

SJC/eb

G:\CLIENT DOCUMENTS\A\Argo International Corp\Argo Turboserve\letters\Letter to Rosenblum 10 23 07 (1).doc