**Gregory W. O'Neill** (GO 1944)
**Elizabeth A. McCoy** (EM 8448)
Hill, Betts & Nash L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Tel.: (212) 839-7000
Fac.: (212) 466-0514

**Carl D. Rosenblum** (LA Bar No. 02083) (Admitted *Pro Hac Vice*)
**Eric Michael Liddick** (LA Bar No. 31237) (Admitted *Pro Hac Vice*)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Tel.: (504) 582-8000
Fac.: (504) 582-8011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARGO TURBOSERVE CORPORATION,<br><br>                    Plaintiff,<br><br>versus<br><br>DEAN ANGELLE AND DENISE ANGELLE,<br><br>                    Defendants. | CASE NO. 07 CIV 8410 (RMB) (GWG)<br><br>ECF<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
<u>**DEFENDANTS' MOTIONS TO DISMISS**</u>

GREGORY W. O'NEILL (GO 1944)
ELIZABETH A. MCCOY (EM 8448)
Hill, Betts & Nash, L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Telephone: (212) 839-7000
Facsimile: (212) 466-0514

AND

CARL D. ROSENBLUM (LA Bar No. 02083)
(Admitted *Pro Hac Vice*)
ERIC MICHAEL LIDDICK (LA Bar No. 31237)
(Admitted *Pro Hac Vice*)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8011
*Attorneys for Dean Angelle and Denise Angelle, Defendants*

**Table of Contents**

**Page**

PRELIMINARY STATEMENTS ................................................................................................ 1

    I.     THE ANGELLES' EXHIBITS FOLLOWED THE COURT'S RULES ............... 1

    II.    THE COURT MAY CONSIDER FACTS BEYOND THOSE FOUND IN THE COMPLAINT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.     ATC'S SECTION 9.3(B) ARGUMENT VIOLATES BASIC RULES OF CONTRACT INTERPRETATION ..................................................................... 2

    II.    NEW YORK LAW IS INAPPLICABLE TO THE PRESENT DISPUTE ............ 5

    III.   ATC FAILED TO PLEAD FRAUD IN ACCORDANCE WITH RULE 9(B) ............................................................................................................................. 6

        A.    *DESPITE ITS PROTESTATIONS TO THE CONTRARY, ATC'S FRAUD ALLEGATIONS ARE NOT STATED WITH "PARTICULARITY."* ............................................................................... 6

        B.    *ATC'S COMPLAINT FAILS TO ADEQUATELY PLEAD JUSTIFIABLE RELIANCE.* ................................................................. 8

    IV.   ATC LACKS STANDING TO PURSUE ANY CLAIM BASED SOLELY ON THE ALLEGED BREACH OF DEAN ANGELLE'S EMPLOYMENT AGREEMENT ................................................................................................... 10

CONCLUSION ............................................................................................................................. 10

EXHIBITS

    EXHIBIT 12:  OCTOBER 16, 2007 E-MAIL STRING
    EXHIBIT 13:  OCTOBER 24, 2007 LETTER

i

**Table of Authorities**

**Cases**

*Arnold Chevrolet LLC v. Tribune Co.*,
  No. 04-3097, 2007 WL 2743490 (E.D.N.Y. Sept. 17, 2007) ............................................ 7

*Bank of Am. Corp. v. Lemgruber*,
  385 F.Supp.2d 200, 228 (S.D.N.Y. 2005) ................................................................. 2, 9

*Columbus Park v. Dept. of Hous. Pres. & Dev.*,
  80 N.Y.2d 19 (N.Y. 1992). ....................................................................................... 3

*Corrigan v. Breen*,
  241 A.D.2d 861 (N.Y. App. Div. 1997) ..................................................................... 3

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
  261 F.Supp.2d 293 (S.D.N.Y. 2003) .......................................................................... 1

*Estee Lauder Co. v. Batra*,
  430 F.Supp.2d 158 (S.D.N.Y. 2006) .......................................................................... 6

*Garg v. Winterthur*,
  No. 05-5870, 2007 WL 136263 (S.D.N.Y. Jan 18, 2007) ............................................ 2

*IUE AFL-CIO Pension Fund v. Herrmann*,
  9 F.3d 1049 (2d Cir. 1994) ........................................................................................ 8

*Lavian v. Haghnazari*,
  884 F.Supp. 670 (E.D.N.Y. 1995) ............................................................................. 6

*Luce v. Edelstein*,
  802 F.2d 49 (2d Cir. 1986) ........................................................................................ 7

*Nat'l Council of Young Israel v. Wolf*,
  963 F.Supp. 276 (S.D.N.Y. 1997) ........................................................................... 7,8

*Spira v. Nick*,
  876 F.Supp. 553 (S.D.N.Y. 1995) ........................................................................... 7, 8

*Vitol S.A., Inc. v. Koch Petroleum Group, LP*,
  No. 01-2184, 2005 WL 2105592 (S.D.N.Y. Aug. 31, 2005) ....................................... 4

*York Hunter Servs., Inc. v. Brooklyn Historical Soc'y*,
  No. 36315/05, 2007 WL 79642 (N.Y. Sup. Ct. 2007) ................................................ 3

**Statutes**

N.Y. GEN. OBLIG. LAW § 5-1401 (2007) .................................................................... 5

**Other Authorities**

SDNY Procedures for Electronic Case Filing at § 5 .................................................................... 1

**Rules**

FED. R. CIV. P. 9(b) ........................................................................................................... 6, 7, 8, 9

FED. R. CIV. P. 12(b) ................................................................................................................ *passim*

Case 1:07-cv-08410-RMB-GWG    Document 22    Filed 01/04/2008    Page 5 of 16

Defendants Dean and Denise Angelle (collectively "the Angelles") respectfully file this memorandum to reply to certain inaccuracies and omissions of Plaintiff Argo Turboserve Corporation ("ATC") in its Opposition Memorandum.

## PRELIMINARY STATEMENTS

### I. The Angelles' Exhibits Followed the Court's Rules

ATC asserts that the Angelles failed to supply numerous pages of exhibits, thereby rendering those exhibits "incomplete" and "suspect." (Opposition at pp. 2-3). ATC appears to suggest that the Angelles purposefully omitted the forum selection clauses for each "transaction agreement" in an effort to mislead this Court. (Opposition at p. 3). To the contrary, the Angelles submit that only those relevant provisions cited in their Motions to Dismiss were included pursuant to applicable ECF guidelines. (*See* SDNY Procedures for Electronic Case Filing at § 5). Notably, Exhibit "1" to the Angelles' Motions to Dismiss specifically included Section 10.10 of the SPA. In short, ATC faults the Angelles for following this Court's rules.

### II. The Court May Consider Facts Beyond Those Found in the Complaint

ATC next argues that the Angelles improperly submitted exhibits with their Motions to Dismiss. As previously noted by the Angelles, and as ignored by ATC, courts apply different standards to each subsection of Rule 12(b) of the Federal Rules of Civil Procedure. (*See* Defendants' Motions to Dismiss at pp. 5-8). A court is *not* constrained by the pleadings when reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12(b)(3) motion to dismiss for improper venue. This Court has previously held that "[i]n resolving a Rule 12(b)(1) motion, the Court may consider matters outside the pleadings." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 261 F.Supp.2d 293, 294 (S.D.N.Y. 2003). Similarly, when determining a Rule 12(b)(3) motion, a court may consider facts beyond those

1

outlined in the Complaint. *Garg v. Winterthur*, No. 05-5870, 2007 WL 136263, *1 (S.D.N.Y. Jan 18, 2007). Thus, this Court may consider Exhibits "3a," "3b," "4," "9," and "10," which constitute facts and matters outside the pleadings, in determining whether to grant the Angelles' motions to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(3). ATC's position to the contrary is simply mistaken.

The Angelles further recognized that a court reviewing a motion to dismiss pursuant to Rule 12(b)(6) may only consider facts set forth in the complaint. This does not, however, forestall consideration of other written instruments, statements, or documents "incorporated by reference into the complaint." *Bank of Am. Corp. v. Lemgruber*, 385 F.Supp.2d 200, 228 (S.D.N.Y. 2005). Such is the situation herein.

Importantly, the Angelles submit *two* grounds for dismissal under Rule 12(b)(6): (1) prematurity and (2) failure to plead fraud with particularity. Only the former requires consideration of material outside of ATC's Complaint. ATC cannot, and indeed does not, dispute that the SPA, Promissory Note, Guaranty, and Employment Agreement were incorporated by reference into ATC's Complaint. (*See* Opposition at p. 21). Indeed, ATC attached those same exhibits to its Opposition. As such, this Court may properly consider these documents in resolving the Angelles' Rule 12(b)(6) motion to dismiss with respect to the "prematurity" issue.

## ARGUMENT

**I.     ATC's Section 9.3(b) Argument Violates Basic Rules of Contract Interpretation**

Section 9.3(b) is a prerequisite to the filing of suit.[1] This provision provides, among others, that reasonable access to "personnel" "shall" be provided. (*See* Ex. "1" at 9.3(b)) Here,

---

[1] While ATC asserts that Section 9.3(b) is inapplicable to fraud claims by virtue of Section 9.4, the Angelles submit that, at best, Section 9.4 only applies to ATC's *fraud-based*

2

ATC expressly denied the Angelles access to "personnel." Thus, this suit is premature.[2] ATC's representation that it has properly complied with Section 9.3(b) "in accordance with the plain meaning of its terms" is, respectfully, erroneous.

Where a particular contractual provision is clear and unambiguous, a court must determine the intent of the parties from the "language of the agreement *and whatever may be reasonably implied therefrom.*" *Corrigan v. Breen*, 241 A.D.2d 861, 863 (N.Y. App. Div. 1997) (emphasis in original). This rule of construction closely corresponds to the second critical principle, to wit: an interpretation must give meaning to every provision of a contract. *See York Hunter Servs., Inc. v. Brooklyn Historical Soc'y*, No. 36315/05, 2007 WL 79642, \*4 (N.Y. Sup. Ct. 2007). An interpretation that renders a provision meaningless disregards this basic legal principle. *See Columbus Park v. Dept. of Hous. Pres. & Dev.*, 80 N.Y.2d 19, 31 (N.Y. 1992).

Both parties assert that Section 9.3(b) of the SPA is clear and unambiguous. Reasonably implicit in Section 9.3(b)'s express requirement that ATC provide "all information reasonably necessary to support and verify any Losses" and "reasonable access to all premises, books, records and personnel" is the requirement that such information-giving occur *prior to filing suit*. Section 9.3(b) was clearly designed to afford the indemnifying party an opportunity to evaluate the evidence supporting any claim *pre*-litigation. Though ATC acknowledges that Section 9.3(b) is an informal discovery procedure, if ATC can bring suit before complying with its contractual

---

claims. However, as ATC asserts numerous *non*-fraud-based claims, which are entirely inseparable from its fraud-based allegations, Section 9.3(b) remains applicable. (*See, e.g*., Complaint at First Claim for Relief for Indemnification, ¶¶ 43-48).

[2] ATC attached as Exhibit F to its Opposition correspondence dated October 23, 2007. To assist this Court in placing the current controversy into the proper and complete context, the Angelles attach hereto as Exhibits "12" and "13," respectively, an E-mail string from Mr. Rosenblum to Mr. Cohen dated October 16, 2007, and a letter from Mr. Rosenblum to Mr. Cohen dated October 24, 2007. They establish ATC's failure to comply with Section 9.3(b) as to "personnel."

3

obligations, then Section 9.3(b) is displaced by formal discovery rules, rendering Section 9.3(b) entirely *meaningless*.

The present situation, which results in the Angelles attempting to uncover the factual basis for ATC's allegations on parallel tracks – one informal and one formal – is exactly what the parties sought to avoid through the inclusion of Section 9.3(b). This is precisely why this formal proceeding is premature and should be dismissed. The Angelles are not seeking a "stay of discovery"; instead, the Angelles seek dismissal *of the suit*, or, in the alternative, a stay of the *proceedings*.[3]

Additionally, on one hand, ATC recognizes that Section 9.3(a) requires that parties seeking indemnification give notice *before* filing suit. (*See* Ex. "1" at § 9.3(a)). However, ATC seeks to persuade this Court to interpret Section 9.3(b) in isolation of Section 9.3(a). The location of subsections (a) and (b) under Section 9.3 indicates that these provisions go hand-in-hand and are to be interpreted *in pari materia* with each other. *See, e.g.*, *Vitol S.A., Inc. v. Koch Petroleum Group, LP*, No. 01-2184, 2005 WL 2105592, *6 (S.D.N.Y. Aug. 31, 2005) (noting that courts must "construe all the contract provisions together in harmony"). Thus, in conjunction with subsection (a), ATC "*shall*" provide "all information and documentation reasonably necessary to support and verify any Losses" giving rise to the indemnification claim. Moreover, ATC "*shall*" provide "reasonable access to all premises, books, records and personnel." This language is unequivocal: ATC *must* provide information and reasonable access. The order of these subsections leads to the logical conclusion that the party seeking indemnification has two *mandatory* obligations *before* filing suit on an indemnity claim: (1)

---

[3] Though the Angelles' have recently propounded formal discovery requests in this matter, these requests represent the Angelles desire to adhere to, rather than flaunt, this Court's expedited discovery timeline. (*See* Rec. Doc. No. 15).

4

provide written notice and (2) provide information, documentation, personnel, and reasonable access. ATC admits that it did not do so.

As Section 9.3(b) requires pre-litigation negotiation and opportunity for settlement *without contemporaneous waste of judicial resources*, dismissal of this suit would further the objective of efficient dispute resolution. The Angelles respectfully request that this Court adopt the Angelles' reasonable interpretation consistent with contract construction principles and dismiss this suit as premature pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Any other result writes Section 9.3(b) out of the SPA.

## II.     New York Law is Inapplicable to the Present Dispute

Initially, ATC's Opposition suggests that the Angelles advanced a *forum non conveniens* argument. (*See* Opposition at p. 7). Such a suggestion is patently incorrect. At no point did the Angelles argue *forum non conveniens*; indeed, the Angelles did not attempt to plead facts establishing inconvenience. Instead, the Angelles submitted that the concept of *forum non conveniens* is but one example of an "objection" to venue that is not waivable in advance. Whether the Angelles could prevail on a *forum non conveniens* argument is for another day.

Although the Angelles did not address Section 5-1401 of the New York General Obligations Law in their Motions to Dismiss, that Section provides for several exceptions to the general rule. *See* N.Y. GEN. OBLIG. LAW § 5-1401 (2007). Importantly, Section 5-1401 does *not* apply to "any contract, agreement or undertaking (a) for labor or personal services." *See id.* Thus, when a contract contains provisions falling within the exception elaborated in subsection (a), then Section 5-1401's abrogation of any interest analysis is rendered moot.

5

ATC alleges that Dean Angelle "breached the Employment Agreement" (Complaint at ¶ 27), and that Dean Angelle "wholly failed to lead" the business for ATC. (Complaint at ¶ 26).[4] In further support for its claim that Dean Angelle breached the Employment Agreement, ATC alleges that Dean Angelle "alienated ATC, and customers, employees and vendors of D&D." (*Id.*). Inconsistent with its argument that Dean Angelle's tenure as an executive was "disruptive," ATC references Dean Angelle's purported decision "to leave all of his money behind." (Opposition at pp. 4, 20).

The aforementioned portions of ATC's Complaint highlight ATC's significant reliance upon alleged breaches of Dean Angelle's "undertaking" for "labor or personal services." These allegations, which ATC asserts to support its claims arising under the SPA, expressly fall within the exception outlined in subsection (a) of Section 5-1401. As Section 5-1401 is inapplicable herein, a Court may only enforce a contractual choice of law provision "if the [chosen] state has sufficient contacts with the transaction." *Estee Lauder Co. v. Batra*, 430 F.Supp.2d 158, 170 (S.D.N.Y. 2006). ATC also ignores the critical fact that this transaction lacks any contacts with New York whatsoever. Accordingly, the Angelles' interest analysis must prevail, thereby rendering New York law inapplicable to this dispute.

## III.   ATC Failed to Plead Fraud in Accordance with Rule 9(b)

### A.   *Despite its protestations to the contrary, ATC's fraud allegations are not stated with "particularity."*

"Particularity," as required by Rule 9(b) of the Federal Rules of Civil Procedure, requires that the plaintiff specify the "time, place, speaker, and . . . content of the alleged misrepresentations." *See Lavian v. Haghnazari*, 884 F.Supp. 670, 675 (E.D.N.Y. 1995) (quoting

---

[4] The enforceability of the Employment Agreement is the subject of Dean Angelle's Petition for Declaratory Judgment currently pending in the Fifteenth Judicial District for the Parish of Lafayette, Louisiana.

6

*Luce v. Edelstein*, 802 F.2d 49, 52 (2d Cir. 1986)).  Although a plaintiff may base these allegations on information and belief when "the facts are peculiarly within the knowledge of the defendants," a plaintiff must still "allege facts demonstrating the basis for the information and belief."  *Nat'l Council of Young Israel v. Wolf*, 963 F.Supp. 276, 281 (S.D.N.Y. 1997) (quoting *Spira v. Nick*, 876 F.Supp. 553, 557 (S.D.N.Y. 1995)).  Here, despite ATC's semantics to the contrary, ATC utterly fails this test.

ATC cannot rely upon "information and belief" to obtain a reprieve from this heightened standard.  For example, when and where did Dean Angelle alter documents misrepresenting the quality of pipe sold?  (Complaint at ¶ 15).  What specifically was represented and what is alleged to be correct?  When, where, and to whom did the Angelles sell pipe not belonging to D&D Pipe?  (Complaint at ¶ 19).  When, where, and to whom did the Angelles misrepresent the quality of pipe to customers?  (Complaint at ¶ 20).  What is the "correct" quality?  When and where did the Angelles bribe customers?  (Complaint at ¶ 23).  What was the bribe?  To whom?  For what?  None of the requirements for "particularity" are met by the Complaint or by reference to the SPA.  Nor are any of these details "peculiarly within the knowledge" of the Angelles as the alleged fraud arises out of alleged misrepresentations "made to" ATC itself.  *See Arnold Chevrolet LLC v. Tribune Co.*, No. 04-3097, 2007 WL 2743490, *4 (E.D.N.Y. Sept. 17, 2007).

ATC itself admits that the heightened pleading standard for fraud allegations serves several purposes, including fair notice to defendants of a claim and the factual basis thereof. (Opposition at p. 19).  Without ATC's answers to the foregoing questions, the Angelles have not received the "fair notice" contemplated by Rule 9(b).  Nor is formal discovery under the Federal Rules of Civil Procedure a substitute for the requirements of Rule 9(b).  *See Arnold Chevrolet LLC*, 2007 WL 2743490 at *5.  The Angelles owned D&D Pipe and Rentals, Inc. ("D&D Pipe")

7

for over fifteen (15) years during which they conducted thousands of transactions. Vague allegations that the Angelles engaged in acts at some unspecified point during ownership does not afford fair notice. ATC should not be allowed to impugn the Angelles' "reputation and goodwill from improvident charges of wrongdoing" without setting forth "particulars." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1057 (2d Cir. 1994).

Exemplary of ATC's failure to comply with Rule 9(b), paragraph 24 of ATC's Complaint makes vague reference to Dean Angelle's alleged "business relationship" with various persons and entities. In its Opposition, ATC reveals that this reference concerned Dean Angelle's alleged "ownership interest" in these entities. ATC has yet to explain how Dean Angelle may hold a pecuniary interest in a natural person – Russell Vera – nor how such alleged "ownership interest" is somehow fraudulent.

Assuming *arguendo* that ATC's Complaint satisfies the time, place, speaker, and content requirements of Rule 9(b), which the Angelles explicitly deny, ATC facially fails to "allege facts demonstrating the basis for its information and belief." *Wolf*, 963 F.Supp. at 281 (quoting *Spira*, 876 F.Supp. at 557). Indeed, none of the allegations made on information and belief contain, as required by law, the facts demonstrating the basis therefore. Instead, paragraphs 15, 19, 20, 23, and 24, and many others, remain cryptically silent as to supporting facts.

### B.   *ATC's Complaint fails to adequately plead justifiable reliance.*

ATC is a sophisticated corporation. Thus, when the parties executed the SPA – a transaction that, not incidentally, ATC initiated – ATC accepted responsibility for its own investigation and due diligence. (*See* Ex. "1" at §§ 2.6, 4.1, 6.2). Indeed, ATC conducted extensive due diligence. Section 2.6 provides that "Sellers and the Division agree that the Division's [ATC's] certified public accountant shall determine, for purposes of this Agreement,

8

whether or not an account is collectible." Section 4.1, which outlines one of the Angelles' and D&D Pipe's obligations prior to Closing, states the following, in pertinent part:

> [ATC], its counsel, its accountants and other representatives shall have full access during normal business hours to all properties, accounts, records, contracts and documents of or relating to [D&D Pipe's] business or *as may be necessary to determine the accuracy of [the Angelles'] representations and warranties*. [D&D Pipe] shall furnish or cause to be furnished to [ATC] and its representatives all data and information concerning the business, finances and properties of [D&D Pipe] as [ATC] shall reasonably request.

(emphasis added). Section 6.2 contemplates "satisfactory due diligence" and states that ATC "shall be satisfied in its *sole* discretion . . . (ii) with the results of *its business, technical, legal and financial review* of the books, records, agreements and other legal documents and business organization of the Company." (emphasis added). ATC freely undertook each of these obligations and had undisputed access to D&D Pipe's corporate documents, records, and facilities.

It is clear that "New York law imposes an affirmative duty on sophisticated investors to protect themselves from misrepresentations made during business acquisitions by investigating the details of the transactions and the businesses they are acquiring." *Lemgruber*, 385 F.Supp.2d at 230. Although the Angelles are unclear as to the specifics of ATC's many fraud allegations, given ATC's extensive due diligence rights and activities pre-Closing, its reliance on any alleged misrepresentations of the Angelles was unjustifiable.

ATC failed to comply with Rule 9(b)'s heightened pleading standard and refused to adduce facts demonstrating the basis for its "information and belief." ATC similarly failed to plead justifiable reliance sufficiently. The Angelles respectfully submit that this Court should dismiss the fraudulent inducement claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

9

IV. **ATC Lacks Standing to Pursue Any Claim Based Solely on the Alleged Breach of Dean Angelle's Employment Agreement**

ATC argues that it "makes no claim for damages, nor any other relief, based upon any breach of the employment agreement." (Opposition at p. 20). To the contrary, ATC's Complaint specifically alleges that "Dean Angelle *breached the Employment Agreement*." (Complaint at ¶ 27 (emphasis added)). Moreover, the Angelles allegedly "formed a competing company" in contravention of their non-compete covenants. (Complaint at ¶ 31). ATC contends that these breaches violated Section 8.4 of the SPA. (Complaint at ¶¶ 42, 47). Quite simply, the alleged breach of Section 8.4 of the SPA relies solely upon the alleged breach of the Employment Agreement and requires proof of the same. *Ergo*, damages for a breach of the former are, in reality, damages afforded for any breach of the latter. ATC lacks standing to assert such a claim and cannot bootstrap an alleged breach of the Employment Agreement into this litigation through a semantically created façade. Alternatively, if the breach of employment claim is not dismissed, then ATC should be precluded from referencing that Agreement in pursuit of its SPA breach claim.

## CONCLUSION

For the reasons more fully set out above and in the earlier Memorandum in Support of Defendants' Motions to Dismiss, Dean Angelle and Denise Angelle respectfully request that this Court grant their Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), or alternatively stay this proceeding.

Respectfully Submitted,

GREGORY W. O'NEILL (GO 1944)
ELIZABETH A. MCCOY (EM 8448)
Hill, Betts & Nash, L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281

>
> Telephone:  (212) 839-7000
> Facsimile:  (212) 466-0514
>
> AND
>
> */s/ Eric Michael Liddick*
> CARL D. ROSENBLUM (LA Bar No. 02083)
> (Admitted *Pro Hac Vice*)
> ERIC MICHAEL LIDDICK (LA Bar No. 31237)
> (Admitted *Pro Hac Vice*)
> Jones, Walker, Waechter, Poitevent,
>   Carrère & Denègre, L.L.P.
> 201 St. Charles Avenue, 49th Floor
> New Orleans, Louisiana 70170
> Telephone:  (504) 582-8000
> Facsimile:  (504) 582-8011
> ***Attorneys for Dean Angelle and Denise Angelle,
> Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded this day to counsel of record for Argo Turboserve Corporation, ☒ by CM/ECF, ☒ by e-mail, ☐ by telefax, ☐ by hand, and/or ☐ by United States mail.

New Orleans, Louisiana, this 4th day of January, 2008.

>
> */s/ Eric Michael Liddick*
> **ERIC MICHAEL LIDDICK**