| ANGELLE PROPERTIES, LLC | * | 15TH JUDICIAL DISTRICT COURT |
|---|---|---|

ANGELLE PROPERTIES, LLC          *          15TH JUDICIAL DISTRICT COURT

VERSUS          *          DOCKET NO.

D & D PIPE AND RENTALS, INC.          *          PARISH OF LAFAYETTE, LOUISIANA

Filed:_____          _____
                                                      Deputy Clerk

**************************************************************************

**VERIFIED PETITION FOR INJUNCTIVE RELIEF AND ISSUANCE OF
TEMPORARY RESTRAINING ORDER AND DAMAGES FOR BREACH OF LEASE
AGREEMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

NOW INTO COURT, through undersigned counsel, comes Petitioner, Angelle
Properties, LLC, and files this verified petition and application for injunctive relief and issuance
of temporary restraining order and damages for breach of lease agreement against D&D Pipe and
Rentals, Inc. setting forth the following:

### PARTIES

1.

Petitioner, Angelle Properties, LLC ("Angelle Properties"), is a Louisiana limited
liability company domiciled in Lafayette, Louisiana, in the Parish of Lafayette.

2.

Defendant, D & D Pipe and Rentals, Inc. ("D & D Pipe"), is a Louisiana corporation
domiciled in Lafayette, Louisiana, in the Parish of Lafayette.

### JURISDICTION AND VENUE

3.

Subject matter jurisdiction is proper because the Court maintains subject matter
jurisdiction over the dispute based on the object of the demand and the amount in controversy.

4.

Venue is proper in this Court because pursuant to La. Code Civ. Proc. art. 80(A)(3), an
action arising from the breach of a lease of immovable property may be brought in the parish
where the immovable property is situated or in the parish where the defendant is domiciled. The
situs of the immovable property encumbered by the lease is in Lafayette, Louisiana, in the Parish

- 1 -



of Lafayette. Additionally, Defendant's domicile address is located in Lafayette, Louisiana, in the Parish of Lafayette.

## FACTS AND BACKGROUND

5.

On March 3, 2006, Angelle Properties, as Landlord, and D&D Pipe, as Tenant, executed a Lease Agreement (the "Lease"), whereby D&D Pipe leased the immovable property located at 2450 Southeast Evangeline Throughway, Lafayette, Louisiana, in the Parish of Lafayette. *See* Lease Agreement with Rider No 1 attached *in globo* as Exhibit 1.

6.

Pursuant to the Lease, D&D Pipe agrees to pay Landlord monthly rent in the amount of Five Thousand dollars ($5,000.00). *See* Exhibit 1 at § 2.1.

7.

The Lease provides for a fixed-term lease, the duration of which is five (5) years, which commenced on March 3, 2006, and accordingly terminates on March 3, 2011. *See* Exhibit 1 at § 3.

8.

Section 10.1 of the Lease provides that

> Tenant shall strictly comply with and abide by all applicable environmental laws and regulations which may in any way affect or relate to the Leased Property, or the conduct of Tenant's business and operations on or about the Leased Property. Tenant shall properly label identify, store, package, and dispose of all pollutants, contaminants, solid wastes, petroleum and petroleum product, toxic substances, hazardous wastes, and hazardous substances generated or used by Tenant, or arising out of or in connection with its business and operations on the Leased Property, and shall not cause or suffer the storage of same on the Leased Property except to the extent necessary for the ultimate disposal thereof or as required and permitted in connection with the business and operations permitted under this Lease. Tenant shall not contaminate, pollute, or spill, or permit, cause, or suffer the contamination, pollution, or spill of any such pollutants, contaminants, substances, petroleum or petroleum products, or wastes on or about the Leased Property. Upon surrender of the Leased Property, or a termination, cancellation, or expiration of this Agreement, the Leased Property shall be free from all such pollutants, contaminants, wastes, petroleum and petroleum products, and substances occasioned by Tenant's use and operation of the Leased Property. To the extent not free thereof, Tenant shall

- 2 -

> at its expense, immediately effect the appropriate clean up,
> remediation, removal, and disposal of all such pollutants, wastes,
> contaminants, substances, and petroleum and petroleum wastes.

*See* Exhibit 1 at § 10.1.

9.

Section 5.1 of the Lease further provides that "Tenant shall operate and maintain the Leased Property in a careful and prudent manner and shall not commit or allow any waste or damage to be committed on any portion of the Leased Property." *See id.* at § 5.1. Pursuant to Section 5.3 of the Lease, D&D Pipe "shall comply with all valid laws, ordinances, rules and regulations made by any governmental authority applicable to the occupancy or use of the Leased Property, including, without limitation thereto, all laws, rules and regulations respecting zoning, safety, fire, and fire hazards." *See id.* at § 5.3.

10.

D&D Pipe is an oilfield pipe sales and rental company. The business is monitored and regulated by the Louisiana Department of Environmental Quality ("LDEQ") because it has to handle Naturally Occurring Radioactive Material ("NORM") (radioactive particles or radionuclides that occur in nature and, specifically, can occur during oil and gas exploration and production) that becomes concentrated in some oilfield equipment like piping which has to be cleaned for reuse.

11.

D&D Pipe has a NORM license from the LDEQ to store and clean pipe that is at or below certain radiation levels, but they also have to meet regulatory requirements to operate and maintain their facility in a safe manner. The regulatory requirements include, but are not limited to, developing plans for preventing releases, drumming waste carefully, storing waste carefully for limited periods, and manifesting it for off-site disposal or recycling.

12.

Representatives of Angelle Properties visited the leased premises on October 15, 2007. In the course of this access, Angelle Properties discovered that D&D Pipe was in contravention of Section 5.1, 5.3 and 10.1 of the Lease requiring compliance with applicable environmental

-3-

laws and regulations and to not pollute, contaminate, or otherwise allow waste on the Leased Property. During the site visit, representatives of Angelle Properties noticed that an oil-based and/or petroleum based substance had spilled onto the leased property. *See* Exhibit 2, photos taken on property during October 15, 2007 site visit *in globo.*

13.

A review of the publicly available records of the Louisiana Department of Environmental Quality ("LDEQ") reveals that an inspection was held by LDEQ on the Leased Property on July 6, 2007 wherein numerous violations of regulations were documented, including unmarked or unlabelled drums containing NORM with radiation levels higher than authorized under law. Further, D&D Pipe and Argo Turboserve Corporation ("ATC") (the owner of D&D Pipe) received a "Notice of Deficiency" from the LDEQ on or about September 20, 2007 giving D&D Pipe thirty (30) days to respond in writing. *See* Exhibit 3, Letter from LDEQ to ATC dated September 4, 2007 and Inspection Report of July 6, 2007.

14.

D&D Pipe failed to notify Angelle Properties of the violations found during the July 6, 2007 inspection by the LDEQ, nor did they notify Angelle Properties of the formal "Notice of Deficiency" letter from LDEQ.

15.

On October 16, 2007, undersigned counsel sent a formal notice of default pursuant to Section 13.2 of the Lease to D&D Pipe and their respective counsel, Mr. Steven Cohen, via U.S. mail, return receipt requested, demanding that D&D Pipe remedy their default within a reasonable time period. *See* Lease at § 13.2 and see October 16, 2007 "Formal Notice of Default" letter, attached hereto as Exhibit 4.

16.

As of date of the filing of this Petition, D&D Pipe has failed to remedy or cure such default.

-4-

{L0035697.1}

17.

Pursuant to Section 13.3 of the Lease, Angelle Properties is entitled to, upon Tenant's default, take possession of the leased property, accelerate all rent due under the Lease, and recover all past and future rents due under the Lease, including attorney's fees and court costs. *See* Exhibit 1, Lease at § 13.3.

18.

Further, Section 10 of the Lease provides that D&D Pipe has a duty under the Lease to perform an environmental assessment and clean-up of the property upon termination of the Lease. Specifically,

> Within 30 days after the termination of this Agreement, Tenant shall, at its sole cost and expense, cause a Phase I Site Assessment, and if recommended by the Phase I Site Assessor, a Phase II Site Assessment, of the Leased Property (the "Final Inspection") to be performed and completed. Tenant shall at its sole cost and expense, perform any such clean up, remediation, removal, and disposal of all pollutants, contaminants, wastes, substances and petroleum and petroleum wastes, and shall take any other such remedial actions as may be deemed necessary as a result of said Final Inspection to restore the Leased Property to its original condition as of the inception of the Remediation Date."

*See* Exhibit 1, Lease at § 10.4.

19.

Petitioner has been informed by counsel for D&D Pipe that all assets of the company are being liquidated and that an auction for all inventory of the business is set to take place on the Leased Property on Thursday, November 8, 2007. D&D Pipe is effectively dissolving the company.

20.

An internet notice of the auction by the auctioneering company for the auction of D&D Pipe states "Company Closing." *See* Exhibit 5, Myron Bowling Auctioneers showing upcoming auctions, including D&D Pipe and list of inventory for D&D Pipe auction.

21.

In view of the obligations owed to Angelle Properties by D&D Pipe under the Lease, counsel for Petitioner has requested that D&D Pipe place the auction proceeds into an interest

{L0035697.1}

bearing escrow account to be subsequently dispersed by agreement of the parties or by court order (if necessary). However, at the time of filing the Petition, D&D Pipe has not agreed to do so.

## BREACH OF LEASE AGREEMENT

22.

D&D Pipe has breached the Lease with Angelle Properties. Under the terms of the Lease, the rent for the term of the Lease has been accelerated and is now due and owing to Angelle Properties by D&D Pipe, along with attorney fees and court costs. Further, in view of the LDEQ violations and other contamination and pollution on the property, D&D Pipe is obligated to clean-up or otherwise remediate the site.

23.

Under Louisiana law, to secure the payment of rent and other obligations under the Lease, Angelle Properties has a lessor's privilege over the movables in and upon the leased premises.

## REQUIREMENTS FOR TRO/PRELIMINARY INJUNCTION

24.

According to La. C.C.P. art. 3601(A), an injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law...."

25.

"A temporary restraining order shall be granted without notice when: (1) it clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable harm, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required." La. C.C.P. art. 3603(A).

{L0035697.1}

26.

A preliminary injunction may be issued on merely "a *prima facie* showing by the plaintiff that he will prevail on the merits of the case and that he will suffer irreparable injury if the injunction does not issue." *Pumpelly Oil, Co. v. Ribbeck Const. Corp.,* 2002-868 (La. App. 3 Cir. 2/5/03), 838 So.2d 88, 92.

27.

Irreparable injury generally means there is no adequate remedy at law or the loss cannot be adequately compensated in money; however, where "a judgment would be valueless, either because of insolvency or other reasons" injunctive relief is proper. *Pumpelly Oil,* Id. at 93, citing *Ciambotti v. Decatur St. Louis Lupin, Properties Ventures,* 533 So.2d 1352, 1359 (La. App. 3 Cir. 1988).

### INJUNCTIVE RELIEF IS PROPER

28.

Petitioner seeks to enjoin D&D Pipe from distributing or otherwise disbursing the proceeds from the auction of the inventory on the property and seeks an order directing D&D Pipe to place the funds into the registry of the Court.

29.

A temporary restraining order should be granted in this case, without notice, in light of the scheduled auction date of November 8, 2007 and that the proceeds of the auction could be disbursed prior to being able to schedule a hearing on the preliminary injunction.

30.

Petitioner will suffer irreparable harm if the temporary restraining order and/or preliminary injunction is not entered prior to the distribution of the November 8, 2007 auction proceeds by D&D Pipe.

31

Petition will suffer irreparable harm if the auction proceeds are not enjoined from being disbursed by D&D Pipe. D&D Pipe is liquidating their assets and dissolving their business. While not technically insolvent (at the present), the auction proceeds will be the only assets left

{L0035697.1}

of the company to pay off the debts and obligations owed to Angelle Properties by D&D Pipe under the Lease at issue, including, but not limited to over 3 years of accelerated rent, site remediation costs, and any possible indemnity owed to Angelle Properties for environmental damages.

32.

D&D Pipe has been found to be in violation of LDEQ regulations, these violations include having unmarked or unlabelled drums containing NORM with radiation levels higher than authorized under law on the leased premises.  At present, these violations have not been cured.  D&D Pipe is liquidating their assets and closing the company.  If the auction proceeds are not ordered held in the registry of the Court, there could be no funds to pay for the site clean-up and/or other actions necessary to become LDEQ compliant.  Further, D&D Pipe owes indemnity to Angelle Properties under the Lease, but if they have no assets, the indemnity is worthless. LDEQ could seek enforcement or compliance against Angelle Properties if D&D Pipe is no longer a viable company.   Thus, Angelle Properties faces irreparable harm if these auction proceeds are not ordered held in the registry of the Court.

33.

Further, Angelle Properties has a lessor's privilege over the movables on the premises.  If the movables are sold at auction and the funds are not deposited into the registry of the Court or D&D is otherwise allowed to disburse the funds to parties other than Angelle Properties, Angelle Properties will be irreparably harmed by losing its lessor's privilege.

34.

Lastly, ATC (the owner of D&D Pipe) has filed suit against Dean and Denise Angelle, the sole members of Angelle Properties, LLC, personally, in federal court in New York, seeking rescission of the Stock Purchase Agreement of February 1, 2006, wherein ATC purchased all stock in D&D Pipe from the Angelles.  At the same time, ATC is causing D&D Pipe to liquidate all assets and are dissolving the company.  The company will soon cease to exist.  Obviously, if the sale is undone, it contemplates putting the parties in the position they were in prior to the sale.   However, in this instance, the company will soon be without any assets, but with

- 8 -

{L0035697.1}

environment liabilities. Consequently, in the event that the New York court grants the requested rescission (the Angelles specifically reject any contention that the New York suit has any merit) failure to keep the auction proceeds readily identifiable will render any rescission ruling moot unless the court orders the auction proceeds held in the registry of the Court.

**WHEREFORE,** Petitioner, Angelle Properties, LLC, prays that this Court:

A.    Issue a temporary restraining order ("TRO") without notice or hearing against D&D Pipe in the form attached, pursuant to which D&D Pipe, as well as its representatives, officers, agents, employees, counsel, and those persons in active concert or participation with them, be restrained and prohibited from disbursing any proceeds from the auction of inventory of D&D Pipe to be conducted on November 8, 2007 by Myron Bowling Auctioneers and ordering the proceeds to be deposited into the registry of the Court.

B.    Provide that such TRO shall expire ten (10) days after it is entered of record in this matter unless extended by the Court.

C.    Order that D&D Pipe show cause, on a time and date convenient to this Court, not less than two nor more than ten days after service of the notice of hearing, why D&D Pipe should not be preliminarily and/or permanently enjoined from removing any proceeds from the auction from the registry of the Court until such time as D&D Pipe pays its debts and obligations to Angelle Properties, LLC due under the Lease Agreement.

D.    After due proceedings that D&D Pipe be found in breach of the Lease Agreement, and that there be judgment entered in favor of Petitioner for all damages, directing that all past, present, and future payments due under the Lease Agreement be immediately payable, including damages for environmental damage to the leased property and costs for remediation to

- 9 -

{L0035697.1}

the leased property, together with attorney's fees and court costs related to these proceedings, and all such other relief as law and equity may require.

Respectfully Submitted,

KAREN D. ANCELET  (No. 23018)
Jones, Walker, Waechter, Poitevent,
Carrère, & Denègre, L.L.P.
500 Dover Boulevard, Suite 120
Lafayette, Louisiana 70503
Telephone:  (337) 406-5610
Facsimile:  (337) 406-5620

AND

CARL D. ROSENBLUM  (No. 02083)
ERIC MICHAEL LIDDICK (No. 31237)
Jones, Walker, Waechter, Poitevent,
Carrère, & Denègre, L.L.P.
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8011

**Attorneys for Petitioner, Angelle Properties,
LLC**

**PLEASE SERVE:**
D&D Pipe and Rentals, Inc.
Through its agent for service of process:
C T Corporation System
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809

- 10 -

{L0035697.1}

| | | |
|---|---|---|
| **ANGELLE PROPERTIES, LLC** | * | 15TH JUDICIAL DISTRICT COURT |

ANGELLE PROPERTIES, LLC          *     15TH JUDICIAL DISTRICT COURT

VERSUS                           *     DOCKET NO.

D & D PIPE AND RENTALS, INC.     *     PARISH OF LAFAYETTE, LOUISIANA

     Filed:_____          _____
                             Deputy Clerk

*************************************************************************

## VERIFICATION/CERTIFICATION

STATE OF LOUISIANA
PARISH OF LAFAYETTE

       BEFORE ME, notary public, personally came and appeared:

### KAREN D. ANCELET

who, after being duly sworn and deposed, stated that:

     1.    I am a Special Counsel in the law firm of Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P. and am counsel of record for Angelle Properties, L.L.C.

     2.    I make this verification and certification in accordance with La. C.C.P. art. 3603.

     3.    I have contacted counsel for D & D Pipe and Rentals, Inc. ("D & D") regarding the request for this temporary restraining order.

     4.    Prior to filing, I e-mailed to counsel for D & D a copy of the "VERIFIED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF AND ISSUANCE OF TEMPORARY RESTRAINING ORDER AND DAMAGES FOR BREACH OF LEASE AGREEMENT AND INCORPORATED MEMORANDUM IN SUPPORT" (the "Verified Petition"), this affidavit, the Affidavit of Dean Angelle, and the form of the order.

     5.    I have personal knowledge of the foregoing based on my position as counsel for Angell Properties, L.L.C., and the foregoing statements are true and correct.

                                  _____
                                    KAREN D. ANCELET

Sworn to and subscribed before me
Notary, on this _2nd_ day of November, 2007.

_____
NOTARY PUBLIC
24943  Norman E. Anseman Jr.
La. Bar Roll No. _24943_
My commission is for _life_

{L0035701.1}

| | | |
|---|---|---|
| ANGELLE PROPERTIES, LLC | * | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | * | DOCKET NO. |
| D & D PIPE AND RENTALS, INC. | * | PARISH OF LAFAYETTE, LOUISIANA |

Filed:_____

_____
Deputy Clerk

**************************************************************************
### AFFIDAVIT/VERIFICATION/CERTIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, notary public, personally came and appeared:

**DEAN ANGELLE**

who, after being duly sworn and deposed, stated that:

1.  I am a managing member of Angelle Properties, L.L.C.

2.  I make this affidavit, verification and certification in accordance with La. C.C.P.
art. 3603.

3.  I have reviewed the "VERIFIED PETITION AND APPLICATION FOR
INJUNCTIVE RELIEF AND ISSUANCE OF TEMPORARY RESTRAINING ORDER AND
DAMAGES FOR BREACH OF LEASE AGREEMENT AND INCORPORATED
MEMORANDUM IN SUPPORT" (the "Verified Petition") and all allegations are true and
correct to the best of my knowledge, information and belief.

4.  All of the allegations in the Verified Petition are true and correct.

5.  I have personal knowledge of the foregoing based on my position as managing
member of Angelle Properties, Inc.

_____
DEAN ANGELLE

Sworn to and subscribed before me
Notary, on this 2nd day of November, 2007.

_____
NOTARY PUBLIC
Karen Arcelof
La. Bar Roll No. 23018
My commission is for life

{L0035704.1}