# WACHTEL & MASYR, LLP

110 EAST 59TH STREET
NEW YORK, NEW YORK 10022

TELEPHONE: (212) 909-9500
FACSIMILE: (212) 371-0320

LONG ISLAND OFFICE
1055 FRANKLIN AVENUE, SUITE 306
GARDEN CITY, N.Y. 11530
TELEPHONE: (516) 248-4300
FACSIMILE: (516) 478-6798

EUROPEAN OFFICE
VIA G. LA PIRA, 21
FLORENCE, ITALY 50121
TELEPHONE: (055) 284147
FACSIMILE: (055) 268594

STEVEN J. COHEN
PARTNER
DIRECT DIAL: (212) 909-9505
DIRECT FAX: (212) 909-9463
cohen@wmllp.com

October 23, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Carl D. Rosenblum, Esq.
Jones, Walker. Waechter, Poitevant,
Carrere & Denegre, L.L.P
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

Re: Argo Turboserve Corporation vs. Dean Angelle
and Denise Angelle; 07 Civ 8410 (RMB)

Dear Mr. Rosenblum:

The problem with "confirming" emails and letters is that sometimes their authors have a tendency to "confirm" statements not made. That is what you did. I certainly did not say to you in our telephone conversation yesterday that my "clients will not permit [your] clients to complete the exercise of their rights under Section 9.3(b) of the Stock Purchase Agreement." What I did say to you was that you and I disagreed about our respective interpretations of Section 9.3 and that, since the lawsuit had already begun, I did not believe that you had or have the right to interview my client's employees outside the formal pre-trial discovery process. Since you seem keen to make a "record" of what has recently transpired, I will now repeat what I said to you and Mr. O'Neill during our call yesterday about those recent events. If you see the need in the future to make an application to the Court concerning these events, I would ask that you include this letter in your submission for the sake of completeness.

You and I exchanged correspondence and had a phone conversation prior to your October 15 inspection at the premises of my client, D&D Pipe and Rentals, Inc. in Lafayette, Louisiana. I informed you that I would be on trial during the week of October 15 and that you could contact Mr. Jim Richard, an employee of my client, who would make available to you the documents for your inspection. We further agreed that you would tag those documents that you wished to have photocopied. I never agreed to permit you, nor anyone else in your group, to interview my clients (nor would I have ever made such an agreement) outside my presence. You indicated that since I did not expressly state that you could not interview my

Carl D. Rosenblum, Esq.
October 23, 2007
Page 2 of 2

clients you believed you were free to do so. I find this astonishing. You well knew from our earlier telephone call and my September 21 letter that only documents would be made available for inspection under appropriate supervision and that was it.

I am informed that you, together with an attorney and paralegal from your office and Mr. and Mrs. Angelle, rummaged through files and personal property belonging to my client and generally harassed and intimidated my client's staff. You apparently took out my initial demand letter to your clients and asked Mr. Richard to defend each and every allegation set forth therein. You then read from the Complaint and did the same thing. Mr. Richard told you that he would not respond, yet you persisted badgering him. I am further informed that you made repeated comments in a sarcastic manner regarding my client's claims and went so far as to look through a supply box to announce that "this must be where the smoking gun is." Morever, you apparently elected not to review several boxes that were put out for your inspection even though your group spent some 6 hours on premises.

After our conversation yesterday, I also learned that you opened certain files and came across documentation you said to Mr. Richard appeared to be attorney-client privileged and thereafter apologized for reviewing them. Demand is hereby made that you disclose just which documentation you reviewed.

My overall sense is that you took unfair advantage of the entire situation and violated the understanding we had based upon your misguided belief that if I did not expressly prohibit you in advance from interviewing those on premises you were at liberty to do so. I do not know what right you think or thought you had to behave in such a fashion. I frankly question the ethics that you were guided by, and sincerely hope that we can still establish a professional mutual respect that will govern over relationship as this case unfolds.

With respect to your planned inspection in New Jersey at my client's facility, I confirm that November 19 is an acceptable date. During that inspection, you will be given the opportunity to review documents and tag those which you wish to have photocopied. An attorney from my office will be present for this inspection.

Argo Turboserve Corporation and D&D Pipe and Rentals, Inc. reserve all of their rights, claims and defenses.

Very truly yours,

Steven J. Cohen

SJC/eb

G:\CLIENT DOCUMENTS\A\Argo International Corp\Argo Turboserve\letters\Letter to Rosenblum 10 23 07 (1).doc

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, and the Declaration of Steven J. Cohen, have been forwarded this day to counsel for Dean and Denise Angelle by CM/ECF, this 2nd day of April, 2008.

/s/ _____
Steven J. Cohen