## D&D PIPE AND RENTALS, INC.
## PROMISSORY NOTE

$1,500,000
New York, New York                                                         February 15, 2006


FOR VALUE RECEIVED, the undersigned, D&D PIPE AND RENTALS, INC., a Louisiana corporation (the "*Company*" or "*Maker*") promises to pay to the order of JOHN CALICCHIO, an individual (the "*Payee*"), the principal amount of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000) pursuant to the terms of this promissory note (this "*Note*") and the terms of the Subordination Agreement dated as of March ___, 2006 by and among Wells Fargo Bank, National Association, acting through its Wells Fargo Business Credit division, the Payee, Argo Turboserve Corporation and the Company (the "*Subordination Agreement*"). Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Subordination Agreement.

1. Interest Rate; Payments.

(a) Interest shall accrue on the outstanding principal balance at an annual interest rate (the "*Interest Rate*") of twelve percent (12%) per annum, during the period from and including February 15, 2006 until repayment of the outstanding principal and payment of all accrued Interest in full ("*Interest*"). Interest shall be computed on the basis of a 365 day year and the actual number of days elapsed.

(b) Maker shall pay to Payee the principal amount hereunder in such amounts, and as soon, as reasonably possible.

(c) Accrued Interest shall be payable, in arrears, by the Maker to Payee on or before the 15th day of each calendar month immediately following the calendar month during which such Interest has accrued, until repayment of the principal amount and payment of all accrued Interest in full.

(d) All payments hereunder shall be made by wire transfer of immediately available funds to such account as may be designated by Payees by written notice received by the Maker not less than three (3) business days prior to the date on which any such payment is due. Whenever any payment hereunder shall be stated to be due on a day other than a Banking Day, such payment shall be made on the next succeeding Banking Day. "*Banking Day*" means any day other than a Saturday or Sunday or a legal holiday on which national banks in the State of New York are closed.

EXHIBIT 3

PNJ264168

2. <u>Prepayment</u>.

(a) <u>Mandatory Prepayment</u>. In the event an Event of Default (as defined below) shall occur and be continuing, then, and in any such event, Payees may by notice to Maker declare the outstanding principal balance of and the accrued Interest thereon, in whole or in part, to be forthwith due and payable, whereupon the outstanding principal balance and such Interest shall become and be forthwith due and payable, without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Maker; *provided, however,* that in the event of an actual or deemed entry for relief with respect to Payees under the Title 11 of the United States Code, as now constituted or hereafter amended (the "*Federal Bankruptcy Code*"), the outstanding principal balance and all Interest thereon shall automatically become and be due and payable, without presentment, demand, protest or any notice of any kind, all of which are hereby expressly waived by Maker.

(b) <u>Optional Prepayment</u>. The Company shall have the right at any time and from time to time to prepay the outstanding principal amount, together with accrued and unpaid Interest thereon, in whole or in part, without premium or penalty. Optional prepayments shall be applied as specified by the Company.

3. <u>Events of Default</u>. An "*Event of Default*" shall occur if:

(a) the Maker shall default in payment of the principal of this Note, when and as the same shall become due and payable, within thirty (30) calendar days of the date when due;

(b) an involuntary proceeding shall be commenced or an involuntary petition shall be filed in a court of competent jurisdiction seeking (i) relief in respect of the Maker or of a substantial part of the Maker's property or assets, under the Federal Bankruptcy Code, or any other United States or foreign bankruptcy, insolvency, receivership or similar law (any such law, a "*Bankruptcy Law*"), and such proceeding or petition shall not be dismissed within sixty (60) calendar days, (ii) the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for a substantial part of the property or assets of the Maker or (iii) the entry of an order or decree by a court of competent jurisdiction for the winding up or liquidation of the Maker and the continuance of such order or decree unstayed and in effect for a period of sixty (60) calendar days; or

(c) the Maker shall (i) voluntarily commence any proceeding or file any petition seeking relief under a Bankruptcy Law, (ii) consent to the institution of or entry of an order for relief against it, (iii) apply for a consent to the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for a substantial part of the property or assets of the Maker, (iv) file an answer admitting the material allegations of a petition filed against it in any such proceeding, (v) make a general assignment for the benefit of creditors, (vi) become unable, admit in writing its inability

PNJ264169

or fail generally to pay its debts as they become due or (vii) take any action for the purpose of affecting any of the foregoing.

4. <u>Amendment and Waiver</u>. This Note may not be modified, amended or supplemented other than by an agreement in writing executed by all parties hereto. No waiver shall be binding unless executed in writing by the party making the waiver. No waiver of any provisions, breach or default of this Note shall be deemed or shall constitute a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

5. <u>Delays or Omissions</u>. It is agreed that no delay or omission to exercise any right, power or remedy accruing to any party, upon any breach, default or noncompliance by another party under this Note, shall impair any such right, power or remedy, nor shall it be construed to be a waiver of any such breach, default or noncompliance, or any acquiescence therein, or of or in any similar breach, default or noncompliance thereafter occurring. It is further agreed that any waiver, permit, consent or approval of any kind or character of any breach, default or noncompliance under this Note or any waiver of any provisions or conditions of this Note must be in writing and shall be effective only to the extent specifically set forth in such writing. All remedies, either under this Note or otherwise afforded to any party, shall be cumulative and not alternative.

6. <u>Assignment</u>. This Note may not be assigned, nor any of its rights or obligations hereunder, without the prior written consent of the Maker.

7. <u>Notices</u>. All notices, requests, demands and other communications required or permitted under this Note and the transactions contemplated herein shall be in writing and shall be deemed to have been duly given, made and received on the date when delivered by hand delivery with receipt acknowledged, or upon the next business day following receipt of telex or telecopy transmission or overnight courier service, or upon the third day after deposit in the United States mail, registered or certified with postage prepaid, return receipt requested, addressed as set forth below:

(a)    <u>If to Maker</u>:

D&D Pipe and Rentals, Inc.
c/o Argo Turboserve Corporation
49 Commerce Road
Carlstadt, New Jersey 07072
Attention: Clyde Keaton
Phone: 1-201-964-4114
Fax: 1-201-804-6231

(b)    <u>If to Payees</u>:

3

PNJ264170

      John Calicchio
      c/o Argo International Corp.
      140 Franklin Street
      New York, NY 10013
      Phone: 212-431-1700

      with a copy to:

      Clyde Keaton
      Argo Turboserve Corporation
      49 Commerce Road
      Carlstadt, NJ 07072
      Phone: 201-964-4113
      Fax: 201-804-6231

The Maker or Payees may alter the addresses to which communications or copies are to be sent by giving notice of such change of address in conformity with the provisions of this Section 7 for the giving of notice.

      8.   <u>Captions</u>. The captions contained in this Note are for convenience and reference purposes only and shall not affect in any way the meaning and interpretation of this Note.

      9.   <u>Governing Law</u>. In all respects, including all matters of construction, validity and performance, this Note shall be governed by, and construed and enforced in accordance with, the laws of the State of New York applicable to contracts made and performed in such state, without regard to the principles thereof regarding conflict of laws. Any action to enforce any of the provisions of this Note shall be brought in a court of the State of New York located in the Borough of Manhattan of the City of New York, or in a Federal court located within the Southern District of New York. The parties consent to the jurisdiction of such courts and to the service of process in any manner provided by New York law. Each party irrevocably waives any objection which it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in such court and any claim that such suit, action or proceeding brought in such court has been brought in an inconvenient forum and agrees that service of process in accordance with the foregoing sentences shall be deemed in every respect effective and valid personal service of process upon such party.

      [Signature Page Follows]

PNJ264171

IN WITNESS WHEREOF, the Company has caused this Note to be duly executed and delivered by its duly authorized officer as of the date first above written.

MAKER

D&D PIPE AND RENTALS, INC.

By: *(signature)*
Name: PAUL PERIALAS
Title: CFO