**Gregory W. O'Neill** (GO 1944)
**Elizabeth A. McCoy** (EM 8448)
Hill, Betts & Nash L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Tel.: (212) 839-7000
Fax: (212) 466-0514

**Carl D. Rosenblum** (LA Bar No. 02083) (Admitted *Pro Hac Vice*)
**Eric Michael Liddick** (LA Bar No. 31237) (Admitted *Pro Hac Vice*)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Tel.: (504) 582-8000
Fax: (504) 582-8011

**Steven J. Cohen** (SC 1289)
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022
Tel.: (212) 909-9500
Fax: (212) 909-9490

*[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 5/5/08 stamp]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARGO TURBOSERVE CORPORATION,          :     07 CV 08410 (RMB)
                                      :     (GWG)
               Plaintiff,             :
                                      :
     -against-                        :     **AGREED CONFIDENTIALITY**
                                      :     **ORDER**
DEAN ANGELLE AND DENISE ANGELLE,      :
                                      :
               Defendants.            :
------------------------------------------------------------x

Defendants Dean Angelle and Denise Angelle (collectively, "the Angelles") and Plaintiff Argo Turboserve Corporation ("ATC") agree that there may be information and discovery materials exchanged in the above captioned litigation that the parties consider to be proprietary, financial, and/or confidential information. To protect this information, expedite the flow of

{N1788573.1}                                  1

discovery materials and information, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded material so entitled, the parties believe this order is necessary and appropriate. Accordingly, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, and all parties hereto having agreed, as indicated by the signature of their counsel below:

**IT IS HEREBY ORDERED THAT:**

1. This Agreed Confidentiality Order ("Order") shall govern the disclosure, handling, and disposition of certain documents and information affecting the parties involved in the above-captioned litigation, including depositions, documents, interrogatory answers and admission responses in this action, as well as confidential, financial, and/or proprietary information designated as "Confidential" in accordance with this Order (hereinafter referred to as "Protected Material").

2. The provisions of this Order shall apply to the following persons: (a) the named parties in the above-captioned litigation and their employees; (b) any other person or entity producing or receiving Protected Material in the above-captioned litigation; and (c) all counsel of record in the above-captioned litigation.

3. Any documents or materials produced in this action may at the discretion of the producing party ("Producing Party") be designated as "Confidential" upon a good faith belief that the documents or materials are privileged and/or confidential. The designation shall be made by affixing the word "CONFIDENTIAL" on the document or material sufficient to identify it as entitled to confidential treatment. In the event that a Producing Party does not designate the documents or materials as

"Confidential" at the time of production, it may subsequently designate them as such by notifying in writing the party that received the documents or materials ("Receiving Party") within ten (10) days of production. Such written notice shall specify the Bates number identifying the document to be designated as "Confidential." The Receiving Party shall thereafter affix the word "Confidential" on such documents and begin to treat it as Protected Material in accordance with this Order. It shall not be a violation of this Order, however, if Receiving Party did not treat those documents as Protected Material before the Producing Party made such "Confidential" designation.

4. The parties may designate Protected Material disclosed in depositions as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Either party may also designate information disclosed in depositions as "Confidential" by notifying the other party in writing within fifteen (15) days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as "Confidential." All deposition transcripts shall be treated as "Confidential" from the time taken until fifteen (15) days after receipt of the transcript.

5. If a party contends that any document or material designated as "Confidential" is not entitled to such treatment, that party may at any time give written notice challenging the designation to the party that designated the document or material (the "Designating Party"). The Designating Party shall respond to the written notice challenging the designation within ten (10) days of receipt of such notice. If the Designating Party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal. If the parties are unable to resolve their dispute

within ten (10) days of the Designating Party's response, the challenging party may submit the matter to the Court. The challenging party must submit the dispute to the Court within ten (10) days after receiving the Designating Party's response, or the challenge is waived. All documents and material should be treated as "Confidential" during the pendency of any motion brought pursuant to paragraph 5.

6. Protected Material may be used only for purposes of preparing for and conducting discovery, pretrial and trial proceedings in this action. Protected Material shall be shown only to parties and their attorneys of record in this action and may be disclosed by such counsel only to the following persons:

   a. Counsel of record for the parties, employees or independent contractors of such counsel, and experts or consultants working with such counsel, as are required to assist in the discovery, preparation or conduct of this action; provided that, before being shown any Protected Material, such persons shall be given a copy of this Order, advised that they are bound by it, and shall execute a copy of the "Acknowledgment of Terms of Confidentiality Order," attached hereto as Exhibit "A".

   b. The parties and officers, employees, agents, or representatives of the parties who are actually engaged in preparing for or conducting pretrial proceedings in this action, but only to the extent necessary to do so; provided that, before being shown any Protected Material, such persons shall be given a copy of this Order, advised that they are bound by it, and shall execute a copy of the "Acknowledgment of Terms of Confidentiality Order," attached hereto as Exhibit "A".

c. Copy vendors and other vendors retained in connection with the above-captioned litigation, to the extent such disclosure is reasonably necessary.

d. Any authors or original recipients of the Protected Material.

e. Potential witnesses and deponents to whom counsel of record, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of the above-captioned litigation, provided that before being shown any "Confidential" Protected Material, such persons shall be given a copy of this Order, advised that they are bound by it, and shall execute a copy of the "Acknowledgment of Terms of Confidentiality Order," attached hereto as Exhibit "A".

f. Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action; provided that, before being shown any Protected Material, such persons shall be given a copy of this Order, advised that they are bound by it, and shall execute a copy of the "Acknowledgment of Terms of Confidentiality Order," attached hereto as Exhibit "A".

g. Any person employed as a mediator or neutral third person by the parties to assist in settlement negotiations, provided that, before being shown any Protected Material, such persons shall be given a copy of this Order, advised that they are bound by it, and shall execute a copy of the "Acknowledgment of Terms of Confidentiality Order," attached hereto as Exhibit "A".

    h. This Court or any other court before which this action is pending, including any Court personnel, court reporters, jurors, and all other persons lawfully present in the Court proceeding.

    i. Those to whom the parties are required by contract, statute, or court order to disclose such Protected Material.

7. Any person having access to Protected Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the Protected Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

8. In the event that any party reasonably determines that it needs to file any other party's Protected Material in connection with memoranda of law, discovery requests or other papers of any kind that are served and filed in connection with this action, it shall file such Protected Material under seal.

9. Upon conclusion of this action, all Protected Material produced by the parties and all copies thereof shall be promptly returned to the producing party, or destroyed, and if destroyed, proof of such destruction provided to the other party.

10. Nothing in this Order shall prevent or prohibit either party from seeking additional protection as they deem necessary for protection of Protected Material in the above-captioned litigation.

11. This Order is without prejudice to either party's right to bring before the Court at any time other objections to the production of any Protected Material.

**SO ORDERED**

__May 5__, 2008.

_____
HON. GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

_____
STEVEN J. COHEN (SC 1289)
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022
Tel.: (212) 909-9500
*Attorneys for Plaintiff,*
  *Argo Turboserve Corporation*

GREGORY W. O'NEILL (GO 1944)
ELIZABETH A. MCCOY (EM 8448)
Hill, Betts & Nash, L.L.P.
One World Financial Center
200 Liberty Street, 26th Floor
New York, New York 10281
Tel.: (212) 839-7000

and

CARL D. ROSENBLUM
  (LA Bar No. 02083)
  (Admitted *Pro Hac Vice*)

_____
ERIC MICHAEL LIDDICK
  (LA Bar No. 31237)
  (Admitted *Pro Hac Vice*)
Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Tel.: (504) 582-8000
*Attorneys for Defendants,*
  *Dean Angelle and Denise Angelle*

## EXHIBIT A

### ACKNOWLEDGMENT OF TERMS OF CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he/she has been provided with and has read the foregoing Protective Order, and that he/she understands the terms thereof and agrees to be bound by such terms.

Dated: _____

_____
Signature

_____
Printed Name

{N1788573.1}